[No. 15655. In Bank.—December 17, 1896.]

## J. J. CASE PLOW WORKS, APPELLANT, *v.* CHARLES MONTGOMERY ET AL., RESPONDENTS.

CORPORATIONS—LIABILITY OF STOCKHOLDERS—PLEADING—TIME OF INCUR-
RING INDEBTEDNESS.—In an action to enforce the individual liability of
a stockholder for his proportionate share of a corporate debt, the com-
plaint must show affirmatively that the indebtedness was incurred while
the defendant was a stockholder, and the mere allegation that on a cer-
tain day, while the defendant was a stockholder, the corporation made
its promissory note, is not sufficient, in the absence of an averment that
the indebtedness was then for the first time incurred, or that the corpo-
ration then became indebted to the plaintiff.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order
denying a new trial.  J. C. B. HEBBARD, Judge.

The facts are stated in the opinion of the court.

*Mullany, Grant, & Cushing,* for Appellant.

The liability of a stockholder is a direct, original,
obligation, and purely contractual.  (*Kennedy* v. *Cali-
fornia Sav. Bank,* 97 Cal. 93; 33 Am. St. Rep. 163; *Dennis*
v. *Superior Court,* 91 Cal. 548; *Brown* v. *Hitchcock,* 36
Ohio St. 678.)

*William H. Jordan,* for Respondents.

An action upon a note is not an action upon the debt
for which it is given.  (*Griffith* v. *Green,* 59 Hun, 619;
*Parrott* v. *Colby,* 13 N. Y. Supp. 71 N. Y. 597.)  A com-
plaint filed against stockholders of a corporation which
is founded solely upon the corporation's note is in-
sufficient.  (Civ. Code, sec. 322; Webster's Dictionary,
tit. "Incur"; *Tilden* v. *Gashwiler,* No. 4053; *Hunt* v.
*Ward,* 99 Cal. 612; 37 Am. St. Rep. 87.)

TEMPLE, J.—This an action against a stockholder to
recover his proportionate share of a corporate debt un-
der section 322 of the Civil Code.

It is alleged in the complaint that on a certain day the
corporation made, executed, and delivered to plaintiff its
certain promissory note, which is then set out at length.

In no other way is corporate indebtedness averred.  The complaint sufficiently shows the amount of subscribed capital stock, and the amount of stock owned by defendant at the time the note was executed, and the only question involved on this appeal is whether this is a sufficient allegation that the indebtedness was incurred while the defendant was a stockholder.

The question was suggested in *Tilden* v. *Gashwiler*, which was not reported, but was referred to in *Hunt* v. *Ward*, 99 Cal. 612, 37 Am. Rep. 87, where Mr. Justice McFarland expressed some doubt upon the subject.   It is again discussed in *Winona Wagon Co.* v. *Bull*, 108 Cal. 1, in which case the question was decided.  It was there held that the complaint must show that the indebtedness was incurred while the defendant was a stockholder, and that the mere allegation that on a certain day, while the defendant was a stockholder, the corporation made its promissory note, does not show that fact.  It is a question merely of pleading and evidence, and a rule having once been declared, should be adhered to.

Of course, the indebtedness might be incurred at the time of giving a note, or even by giving the note, but if so such fact should appear.  I do not think it was correctly said in the opinion rendered in the case last cited that the action was brought upon the promissory note. Setting out the promissory note did show the indebtedness of the corporation, and it is a proper method in which to show such indebtedness, and this was a material fact in the plaintiff's case.   The trouble was, however, that the complaint did not show that the indebtedness was then, for the first time incurred, nor when it was incurred.   It therefore failed to show that it was incurred while defendant was a stockholder.   I think if the allegation had been that on a certain day the corporation became indebted to plaintiff, and on that day executed its note, it would have been sufficient.

The order is affirmed.

McFarland, J., Henshaw, J., Harrison, J., and Van Fleet, J., concurred.