[Civ. No. 3276. Second Appellate District, Division Two.—May 19, 1921.]

## THE NATIONAL CITY BANK (a Corporation), Respondent, v. MONT P. CHUBB, Appellant.

[1] STOCKHOLDER'S LIABILITY—PROMISSORY NOTES OF CORPORATION—PLEADING—AVERMENT OF INDEBTEDNESS.—A complaint in an action by the purchaser of promissory notes of a corporation for a valuable consideration and before maturity to enforce the liability of stockholders fails to state a cause of action in the absence of an allegation as to the date on which the original indebtedness was incurred, although it contains an allegation of the date of the execution of the notes, since the liability is upon the debt and not upon the promise of the corporation as evidenced by the notes.

APPEAL from a judgment of the Superior Court of San Bernardino County. Rex B. Goodcell, Judge. Reversed.

The facts are stated in the opinion of the court.

Edgar G. Pratt and Janeway & Beach for Appellant.

William J. Palmer and Grant Holcomb for Respondent.

CRAIG, J.—This is an action to enforce the liability of certain stockholders in the Mont P. Chubb Drug Company. A general demurrer was interposed by the defendant, Mont P. Chubb, which was overruled. Thereupon an answer was filed. On the trial, the defendant introduced no

evidence. The appeal is based upon the judgment-roll alone.

The action is upon two promissory notes. The complaint alleges that the plaintiff purchased them for a valuable consideration and before maturity, and it states the date upon which the notes were made but contains no allegation as to the date on which the original indebtedness was incurred. There is ample authority for the proposition that in an action under section 322 of the Civil Code, it is necessary to allege the date upon which the debt or liability was incurred. (*J. I. Case Plow Works* v. *Montgomery,* 115 Cal. 380, [47 Pac. 108]; *Winona Wagon Co.* v. *Bull,* 108 Cal. 1, [40 Pac. 1077]; *Hunt* v. *Ward,* 99 Cal. 612, [37 Am. St. Rep. 87, 34 Pac. 335].) Section 322 of the Civil Code provides that the "liability of each stockholder is determined by the amount of stock or shares owned by him at the time the debt or liability was incurred." In *Hunt* v. *Ward,* the action was on a promissory note and was brought by the payee. The date of the making of the note was alleged but not the date on which the original indebtedness was incurred. The court there pointed out that a promissory note might not represent the original debt or liability which might have been contracted before the defendant became a stockholder. In both of the other cases, *supra* (the respective notes were sued upon), the decisions are based upon *Hunt* v. *Ward, supra,* and its reasoning.

[1] In the case at bar, the plaintiff is not the payee but a *bona fide* holder in due course. Appellant insists that therefore, as to him, the note, being negotiable, is the primary obligation. This might be true as against the corporation, although it is not necessary for us to decide that point here because the action is one against the defendants as stockholders. As such, they are not parties to the notes executed by the corporation and have no responsibility thereon. (*Winona Wagon Co.* v. *Bull, supra.*) Their liability exists only by reason of the statute. In order that the complaint may state a cause of action against the defendants under the statute, it must allege that the defendants were members of the corporation when the debt was incurred, for the stockholder's liability is upon the debt and not upon the promise of the corporation as evidenced by the notes.

The judgment is reversed, and the superior court instructed to sustain the demurrer with permission to plaintiff to amend the complaint.

Finlayson, P. J., and Works, J., concurred.