[L. A. No. 11443. In Bank.—September 27, 1929.]

R. G. JOHNSTON, Respondent, v. ROBERT WOLF et al., Appellants.

Andreani & Haines and John L. Bisher, Jr., for Appellants.

Goudge, Robinson & Hughes, David A. Sondel and Francis W. Read for Respondent.

LANGDON, J.—A petition for hearing in this court after decision by the District Court of Appeal, Second Appellate District, Division Two, was granted in this case to permit of further consideration of the questions involved upon the appeal, because there was presented a new problem in interpretation of a recent constitutional amendment. After careful consideration, we are in accord with the opinion of the District Court of Appeal, written by Justice Ira F. Thompson, and adopt the same as and for the opinion of this court as follows:

"This is a motion to dismiss an appeal on the ground that this court has no jurisdiction to entertain it. The facts are as follows: The respondent commenced an action in the municipal court of Los Angeles in which he sought to recover from the defendants the sum of $680.75. Judgment was rendered in his favor on the 21st day of June, 1928, in the amount prayed for and on July 19, 1928, the defendants and appellants took an appeal therefrom to the superior

court. On November 28, 1928, the last-named court rendered its decision affirming the judgment of the municipal court. On December 12, 1928, appellants filed a notice of appeal from the judgment of the superior court to this court (the District Court of Appeal).

"At the last general election, held November 6, 1928, the people ratified a constitutional amendment proposed by the législature (see Stats. 1927, p. 2386), containing, among other things, an amendment to section 4b of article VI, which so far as pertinent to the question here involved reads: 'The district courts of appeal shall have appellate jurisdiction on appeal from the superior courts except in cases in which appellate jurisdiction is given to the supreme court in all cases at law in which the superior courts are given original jurisdiction; . . .' Section 5 of the same article of the Constitution amended at the same time now states in part as follows: 'The superior courts shall have original jurisdiction in all civil cases and proceedings except as in this article otherwise provided, and except, also cases and proceedings in which jurisdiction is or shall be given by law to municipal or to justices' or other inferior courts; . . . The superior courts shall have appellate jurisdiction in such cases arising in municipal and in justices' and other inferior courts in their respective counties or cities and counties as may be prescribed by law.' Sections 983, 984, 985 (Stats. 1925, p. 942, and amended by Stats. 1927, p. 118, secs. 1–3), and sections 986, 987 and 988 and 988a–988h of the Code of Civil Procedure (Stats. 1927, p. 118, secs. 4–14), provide for appeals from the municipal to the superior courts and a comprehensive mode of procedure for the hearing and disposition thereof. Section 29 of the act authorizing the establishment of municipal courts, etc. (Deering's Gen. Laws, Consol. Supp. 1925–1927, p. 1607), provides that municipal courts shall have exclusive original jurisdiction of all cases at law in which the demand exclusive of interest amounts to $1,000 or less arising in the city where the court exists, and concurrent jurisdiction with the superior and justices' courts of causes of like amount arising outside the city but within the county in which the court is situated. Finally section 13 of article VI of the Constitution, also amended at the last election, gives to the legislature the right to fix by law the jurisdiction of the

municipal courts and concludes with this language: 'Any action heretofore taken by the legislature in fixing exclusive jurisdiction of municipal courts in cases at law is hereby ratified and confirmed.'

"It would seem that nothing had been overlooked which would make it clear and inevitable that the superior courts, and the superior courts only, should have appellate jurisdiction of causes tried in the municipal courts, where the last-named courts have exclusive original jurisdiction. It must be manifest, however, from the language of section 4b of article VI that the Constitution vests in the District Courts of Appeal appellate jurisdiction of all appeals from the superior court, where the latter possesses original jurisdiction, and not merely in those cases where the original jurisdiction is exercised. The words employed are: 'all cases at law in which the superior courts are *given original* jurisdiction.' It cannot be gainsaid that they are given original jurisdiction of cases in excess of the jurisdiction of justices' courts and under $1,000 arising outside the limits of an incorporated city which has a municipal court but within the county. Over such causes they have concurred original jurisdiction with the municipal courts.

Whether an appeal to this court lies from a judgment of the superior court affirming, modifying or reversing a judgment of the municipal court, therefore, depends upon where the cause of action arose as disclosed by the record—whether inside or outside the limits of the incorporated city where the municipal court is situated.

"In our discussion of the problem we have assumed that the constitutional amendment embodying the changes we have mentioned went into effect on November 6, 1928, the date when it was ratified by the people. That it may not be thought we have overlooked this feature of the case we now assert that to be the law. The closing sentence of section 1 of article XVIII of the Constitution, in referring to amendments submitted by the legislature, says: 'If the people shall approve and ratify such amendment or amendments or any of them, by a majority of the qualified electors voting thereon, such amendment or amendments shall become a part of this Constitution.' In *Livermore* v. *Waite,* 102 Cal. 113, 122 [25 L. R. A. 312, 36 Pac. 424, 427], it is said that it is beyond the power of the legislature to sub-

mit an amendment 'that will not, upon its adoption by the people, become an effective part of the Constitution, nor is it authorized to propose an amendment which, if ratified, will take effect only at the will of other persons, or upon approval by such persons of some specific act or conditions.' And in *Kingsbury* v. *Nye,* 9 Cal. App. 574 [99 Pac. 985], the court aptly states: 'It is beyond dispute that that amendment went into effect upon its adoption and ratification.' A similarly succinct statement is found in *San Francisco* v. *Pacific Tel. & Tel. Co.,* 166 Cal. 244–252 [135 Pac. 971, 975], as follows: 'The amendment, which is by its terms self-executing, was adopted at an election held on November 8, 1910, and became a part of the organic law on that date.'

██ ''But one question remains. Where did the cause of action arise? The affidavit supporting this motion says that the complaint alleges 'that defendants accepted a trade acceptance in the sum of $680.75, payable at the Florence National Bank, Florence, California, to Brents' Furniture Company.' For the purposes hereof we must say that the cause of action arose at the place designated in the instrument for its payment. The breach must be held to have occurred at the place the appellants were bound by their promise to pay. (*Raphael* v. *People's Bank of Benicia,* 45 Cal. App. 115 [187 Pac. 53].) We take judicial notice of the fact that Florence, California, is outside the city limits of Los Angeles, and for that reason conclude that original jurisdiction of the action was given to the superior court and appellate jurisdiction to this court.''

The motion to dismiss the appeal is denied.

Shenk, J., Preston, J., Curtis, J., Richards, J., Seawell, J., and Waste, C. J., concurred.