[Civ. No. 7322.   Second Appellate District, Division Two.—May 29, 1930.]

JOHNSTON GAS FURNACE CORPORATION, LTD. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Francis B. Cobb for Petitioner.

Charles S. McKelvey for Respondents.

THOMPSON (IRA F.), J.—It is made to appear herein that the petitioner commenced an action in the respondent court for the foreclosure of a mechanic's lien in the sum of $524 on property situate outside of the limits of the city of Los Angeles. The respondent court has declined to set the cause for trial or to hear it on the ground that jurisdiction thereof is in the municipal court of Los Angeles, and has made its order dismissing the case. It is further set forth that there is certain money held by a mortgage company for the benefit of the owners and the lien claimants, which money can be disbursed by the company in the event that petitioner is put to its remedy by appeal, and that the property is in danger of being lost through the foreclosure of other liens during the period prior to the rendition of a decision on appeal. This proceeding seeks to compel the respondent court, by the writ of mandate, to restore the cause to the calendar and to try the cause.

We entertain no doubt concerning the jurisdiction of the respondent court to try the action. Section 5 of article VI of the Constitution says: "The Superior Court shall have original jurisdiction in all civil causes and proceedings except in this article otherwise provided and except also cases and proceedings in which jurisdiction is or shall be given by law to municipal or justices' or other inferior courts."

The statute (sec. 29 of the act authorizing the establishment of municipal courts, Deering's Consol. Supp. 1919, p. 3527) conferring jurisdiction upon the municipal court reads as follows:

"Civil Jurisdiction. Each municipal court shall have exclusive original jurisdiction of all civil cases and actions, arising within the city or city and county in which such municipal court is established, of the following classes:

"1. All cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to two thousand dollars or less.

"2. All actions of forcible entry or unlawful detainer, where the rental value is two hundred dollars or less per month, and where the whole amount of damages claimed is two thousand dollars or less.

"3. All actions to enforce and foreclose liens on personal property, where the amount of such liens is two thousand dollars or less.

"Concurrent Jurisdiction. In cities or cities and counties wherein such municipal court is established, and wherein an inferior court has been established and its jurisdiction determined as provided by law, such municipal court shall have concurrent jurisdiction with such inferior court to the extent of its jurisdiction.

"Original Jurisdiction. Each municipal court shall have original jurisdiction of all cases specified in subdivisions 1, 2 and 3 hereinabove, arising outside the city in which a municipal court is established, and within the county in which such municipal court is established, and also of all such cases arising outside the county in which a municipal court is established, in which any proper defendant named therein resides or has his place of business within the county wherein such municipal court is established.

"Original Jurisdiction Concurrent with Inferior Court. Each municipal court shall have original jurisdiction, concurrent with that of justices' or other inferior courts in the county in which such municipal court is established, of all civil cases of which such justices' or other inferior courts are given jurisdiction, excepting civil cases of which such justices' or other inferior courts are given exclusive jurisdiction, and excepting cases cognizable in such courts, sitting as small claims courts.

"Jurisdiction in Cases in Equity. Each municipal court shall have jurisdiction in all cases in equity, when plead as defensive matter or by way of cross-complaint in any case at law commencing in the municipal court, of which it has exclusive jurisdiction. Each municipal court shall have jurisdiction in all actions to enforce and foreclose liens of mechanics, materialmen, artisans and laborers, where the amount of such liens is two thousand dollars, or less; provided, that where an action is pending in the superior court and affects property, which is also affected by an action pending in the municipal court to foreclose such a lien, or

where the total amounts of such liens sought to be foreclosed against the same property aggregate an amount in excess of two thousand dollars, the municipal court, upon motion of any interested party, shall order such action pending therein to be transferred to the proper superior court. Upon the making of such order, the same proceedings shall be taken as are provided under section 399 of this code, with respect to the change of place of trial. (Amendment approved May 25, 1929; Stats. 1929, p. 838.)''

■ It is to be observed that the section of the law just quoted fails to extend the jurisdiction of this court to actions for the foreclosure of mechanics' liens to those actions arising outside the city limits. Therefore the section giving to the municipal court jurisdiction in actions ''to enforce and foreclose liens of mechanics, artisans and laborers, where the amount of such liens is two thousand dollars, or less'' is modified and restricted by the language of the opening section of the law to those cases ''arising within the city or city and county in which such municipal court is established.'' It is made to appear in this proceeding that the property against which the lien is sought to be foreclosed lies outside the city, and of course the labor was performed upon and the materials supplied to the property. The action did not arise within the city in which the municipal court is situated. Hence the respondent court was possessed of the jurisdiction and should hear and determine the cause. In the interests of clarity it should be noted that the action here involved is one in equity and for that reason is not controlled by subdivision 1 of the section quoted.

■ It is urged, however, that the writ of mandate is not available as a remedy to the petitioner because in the language of the return to the writ the respondent court has ''made an order dismissing said action, and the said action is dismissed,'' and also because petitioner has ''a plain, speedy, and adequate remedy by appeal.'' With respect to the latter of these contentions it is set out in the petition for the writ and not denied in the return that there are certain moneys held by a mortgage company for the benefit of the owner and the lien claimants to a *pro rata* share of which the petitioner is entitled; that the moneys so held can now be disbursed without the petitioner receiving any benefit therefrom; and that during the delay attendant upon an appeal the petitioner's lien might be lost by the foreclosure of

prior encumbrances and other liens. Assuming the truth of these allegations it is manifest that the case is brought within the rule announced in *Duffton* v. *Daniels,* 190 Cal. 577 [213 Pac. 949], and *Alexander* v. *Superior Court,* 91 Cal. App. 312 [266 Pac. 993]. In the former of these authorities it is said that in order to defeat the remedy by *mandamus* the legal remedy must be one which is equally convenient, beneficial and effective as the proceeding by *mandamus.* ▆ And then, there is another reason why we are not inclined, at this time, to compel petitioner to pursue its remedy by appeal, if in fact it has one. That reason is expressed in *Davis* v. *Superior Court,* 184 Cal. 691 [195 Pac. 390], as follows: ''While the existence of the right of appeal at that time [when the petition was presented] might have been a sufficient reason for that court [District Court of Appeal] to have then refused to entertain the petition (*Glougie* v. *Superior Court,* 169 Cal. 675 [147 Pac. 972], yet, in view of the fact that the Superior Court was then, and ever since has been, without power or jurisdiction to proceed further in the action, as we have shown, but nevertheless proposes to do so, and that further proceedings of any kind, except to again dismiss the action, would be void, we are disposed to grant the writ, rather than put the parties to further vexation and useless expense by further attempts to prosecute it. The question is largely one of discretion, and we deem it the better policy to terminate the proceedings forthwith.'' To the same effect reference may also be had to *A. G. Col Co.* v. *Superior Court,* 196 Cal. 604 [238 Pac. 926]. Furthermore, it is to be noted that the return does not say that the court has rendered a judgment of dismissal but only that it has made an order of dismissal. Presumably had the court rendered a judgment that fact would have been alleged.

▆ It is also well settled that where the relief which should be afforded the petitioner may not be granted under the writ sought this court, with the facts before it, may give such relief as is warranted by the premises. (*Van Hoosear* v. *Railroad Com.,* 189 Cal. 228 [207 Pac. 903]; *Finn* v. *Butler,* 195 Cal. 759 [235 Pac. 992].) In the latter of these cases the petitioner sought the writ of prohibition to prevent the referee from making an order. On the hearing it appeared that the order had been made before the alter--

native writ was issued. The court in extending the relief justified by the situation annulled the order.

The order of dismissal is annulled and the peremptory writ of mandate granted.

Craig, Acting P. J., and Gates, J., *pro tem.*, concurred.