[Civ. No. 7274. Second Appellate District, Division Two.—October 6, 1930.]

O. N. SCOTT, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Charles S. McKelvey for Petitioner.

Morin, Newell, Brown & Hamill for Respondent.

CRAIG, J.—The petitioner is a party to five certain actions pending in the Superior Court of Los Angeles County, entitled, respectively, *Oak Knoll Tile Shop* v. *J. S. Atkins et al.*, *C. A. Schoch* v. *J. S. Atkins et al.*, *Pasadena Ornamental Iron Works* v. *J. S. Atkins et al.*, *O. S. Purdy* v. *Marian Scott et al.* and *Arthur I. Knox* v. *Marian Scott et al.* It is alleged that each suit is instituted for the foreclosure of a mechanic's lien, and that the amount demanded therein is less than $2,000. The petitioner prays for a writ of prohibition restraining the Superior Court from proceeding to hear and determine the issues, for the reason that the municipal court of the city of Los Angeles is invested with exclusive jurisdiction thereof.

The property sought to be charged with liens is situated in the county of Los Angeles, but within the city of Pasadena, and outside the immediate exclusive jurisdiction of the municipal court. Section 5, article VI, of the Consti-

tution, as amended by ratification of the people on November 6, 1928, provides in part that: "The superior courts shall have original jurisdiction in all civil cases and proceedings except as in this article otherwise provided, and except, also cases and proceedings in which jurisdiction is or shall be given by law to municipal or to justices or other inferior courts; . . . " Section 29 of the original act defining the jurisdiction of municipal courts (Deering's Gen. Laws 1925–27, p. 1067, Act 5238), provided that they should have exclusive original jurisdiction in all cases at law in which the demand, exclusive of interest, amounted to $1,000 or less, arising within the limits of the city, and jurisdiction concurrent with the superior court in actions for $1,000 or less, arising outside of the city limits, but within the county. Thereafter, by section 13, article VI, of the Constitution, the legislature was empowered to fix the jurisdiction of municipal courts, and pursuant thereto such jurisdiction was so fixed at $2,000, upon the same conditions as to territorial limitations. From this it follows that the superior court was given original jurisdiction in demands for amounts exceeding $300, but less than $2,000, which would arise outside the limits of the city having a municipal court and within the territorial jurisdiction of the superior court. (*Johnston* v. *Wolf,* 208 Cal. 286 [280 Pac. 980].)

From the foregoing it is apparent that the Superior Court has exclusive jurisdiction of the suits in controversy.

The petition for writ of prohibition is denied.

Works, P. J., and Thompson (Ira F.), J., concurred.