[C. A. No. 487.  Appellate Department, Superior Court, Los Angeles County.—March 23, 1931.]

SOUTHWESTERN PORTLAND CEMENT COMPANY (a Corporation), Appellant, v. DR. GUY COCHRANE et al., Respondents.

[1 Cal. Supp. 144.]

Paul Nourse and Harold Jones for Appellant.

Gibson, Dunn & Crutcher, Victor Ford Collins, Kemper Campbell, Charles L. Nichols, Bradner W. Lee, Jr., and Kenyon F. Lee for Respondents.

SHAW, J.—This action is brought to enforce the liability of defendants as stockholders of Glenoaks, Inc., for a contractual debt of that corporation to plaintiff's assignor, the amount of the liability asserted against each defendant being less than $2,000. At the trial the defendants objected to the jurisdiction of the court on the ground that plaintiff's cause of action arose in the city of Glendale. The trial court concluded that the cause of action did so arise and that therefore the Municipal Court of the City of Los Angeles had no jurisdiction, and gave judgment dismissing the action, from which plaintiff appeals. We think the court erred in so doing.

Section 29 of the Municipal Court Act, as amended by Stats. 1929, p. 838, provides that each municipal court shall have original jurisdiction of all actions at law in which the demand, exclusive of interest, or the value of the property in controversy amounts to $2,000 or less, and which arise outside the city and within the county in which such municipal court is established. Assuming that plaintiff's cause of action did arise in the city of Glendale, that city is in the same county as the city of Los Angeles, and by the terms of the statute the case is clearly within the jurisdiction of the municipal court of the latter city, there being no such court in the city of Glendale. The stockholders are liable severally, and hence the test of jurisdiction as to each is the amount of the demand asserted

against him, not the sum of all the demands included in the action. (*Colla* v. *Carmichael U-Drive Autos, Inc.*, 111 Cal. App. Supp. 786 [294 Pac. 378].) ▮ Following the part of the statute above stated is a provision requiring that a proper defendant reside or have his place of business in the city wherein the municipal court is established in order to give it jurisdiction in certain cases. We doubt if this applies to cases arising in the county, but do not decide the point because this matter goes only to the jurisdiction over the person, which is conferred by a general appearance (*Adolph M. Schwartz, Inc.*, v. *Burnett Pharmacy*, 112 Cal. App. Supp. 781 [295 Pac. 508]), and the respondents all made such an appearance.

Respondents rely on the cases of *Johnston* v. *Wolf*, 208 Cal. 286 [280 Pac. 980], and *Scott* v. *Superior Court*, 108 Cal. App. 764 [292 Pac. 290]. *Johnston* v. *Wolf* is not in point here, for it is based on the Municipal Court Act as it stood before the 1929 amendment and it does not hold that the case there under consideration was beyond the jurisdiction of the municipal court but merely that the superior court had concurrent jurisdiction thereof—a concurrence that cannot exist under the present statute. *Scott* v. *Superior Court* relates to the jurisdiction of mechanics' lien cases under the 1929 statute, but its provisions as to them are different from those as to ordinary actions at law and lead to the conclusion that a municipal court has no jurisdiction of a mechanic's lien suit arising outside of the city. We are in accord with this decision, but the statement therein that the 1929 statute fixes the same limitations as to territorial jurisdiction of municipal courts as that of 1927 is a mere *dictum* as far as it relates to cases at law, and must have been inadvertently made, for it completely ignores the fact that the provision as to concurrent jurisdiction of superior and municipal courts was eliminated from the act by the 1929 amendment. A better statement of the reasons for deciding that a municipal court does not have jurisdiction of mechanics' lien cases arising outside of the city is found in *Johnston Gas etc. Co.* v. *Superior Court*, 106 Cal. App. 166 [288 Pac. 808].

▮ All counsel appearing in the case have agreed that the foregoing question is presented by the record and that it is the only question before us, and we have therefore

decided it. But on examination of the record we conclude that plaintiff's cause of action arose within the city of Los Angeles. No doubt its cause of action against defendants arose under the contract made by its assignor with Glenoaks, Inc., and not on the notes given in pursuance of that contract. (*National City Bank* v. *Chubb*, 52 Cal. App. 655 [199 Pac. 537].) It is true that contract provided that plaintiff's assignor would do certain street work in the city of Glendale, but that is not the foundation of plaintiff's case. The obligation from which plaintiff's cause of action arose is that of Glenoaks, Inc., to pay for the street work. The breach occurred and hence plaintiff's cause of action arose where that payment should have been made under the contract (*McKee* v. *Dodd*, 152 Cal. 637, 641 [125 Am. St. Rep. 82, 14 L. R. A. (N. S.) 780, 93 Pac. 854]; *Lawson* v. *Tripp*, 34 Utah, 28 [95 Pac. 520, 523]). █ The contract here does not expressly fix the place of payment, at least as to the whole of the price. In such a case it has been held that payment is due and a breach occurs where the contract is made (*Lawson* v. *Tripp*, *supra*). In this state it is held, under the constitutional provision authorizing a corporation to be sued where its contract is to be performed, that where no place of performance is expressly stipulated the contract "ought to be held performable in the place where the circumstances, viewed in the light of pertinent code provisions, indicate that the parties expected or intended it to be performed". (*Bank of Yolo* v. *Sperry Flour Co.*, 141 Cal. 314 [65 L. R. A. 90, 74 Pac. 855].) In that case it was considered that the location of the plaintiff, a bank, determined the place of payment of money due it. In the present case the contract provided that Glenoaks, Inc., would deposit a copy of the contract with a bank in the city of Los Angeles and that certain moneys expected to accrue to the credit of said Glenoaks, Inc., in a trust fund held by that bank should "be credited" on notes given for the contract price. Plaintiff also offered, but was not permitted, to prove that the contract was made in the city of Los Angeles, that both parties to it had their offices there, that all business between them in regard to the contract, except the actual doing of the street work, was done and all payments to plaintiff's assignor thereunder were made there, and that the notes

given for a part of the price were expressly made payable there. All of these facts, including those which plaintiff vainly sought to prove, seem to us sufficient, under the rule declared in the cases above cited, to show that the contract was performable by Glenoaks, Inc., in the city of Los Angeles and hence that plaintiff's cause of action arose there.

The judgment is reversed and the case is remanded to the municipal court for a new trial, with costs of appeal to appellant.

McLucas, P. J., concurred.

Bishop, J., did not participate.