[Civ. No. 8952. First Appellate District, Division One.—May 29, 1934.]

J. H. GRIGSBY, Appellant, v. M. S. ROSS et al., Respondents.

H. E. Gleason and John F. Poole for Appellant.

Stick, Moerdyke & Gibson, Everett W. Mattoon, County Counsel, and J. H. O'Connor, Assistant County Counsel, for Respondents.

KNIGHT, J.—Plaintiff appeals from a judgment of dismissal entered pursuant to an order sustaining defendants' demurrer to the complaint without leave to amend. The action was instituted in the Superior Court in and for Los

Angeles County, and it is contended by defendants, in support of the trial court's order, that exclusive jurisdiction to hear and determine the action was in the Municipal Court of the City of Los Angeles. We are of the opinion that the trial court was correct in so holding.

It appears from the complaint that the county of Los Angeles let a contract to the defendant Ross to clear a right of way and construct a road outside of the municipal limits of the city of Los Angeles, and that Ross sublet the portion of the contract calling for the clearing of the right of way to the Santa Fe Construction Company. As required by the provisions of a statute governing such matters (Stats. 1919, p. 487, as amended in 1925 and 1927, see Stats. 1925, p. 538, and 1927, p. 282) entitled "An act to secure the payment of claims of persons employed by contractors upon public works . . . ", etc., Ross furnished the county with a bond in a sum not less than fifty per cent of the contract price which in terms inured to the benefit of materialmen, laborers, etc. Plaintiff was employed on the job as a laborer by the Santa Fe Construction Company, which became indebted to him in the sum of $736. He was not paid, and consequently in accordance with the provisions of said statute and within the time allowed thereby, he filed with the auditor and the treasurer of the county of Los Angeles, in the city of Los Angeles, a verified claim together with a "stop-notice", covering the amount due him; and thereafter in due time he filed the present action in the superior court against the auditor and the treasurer of the county, and the contractor, asking that the auditor and the treasurer pay to him, out of the funds remaining in their hands for the payment of the contract, the amount covered by his verified claim, together with attorney's fees and costs.

Section 2 of the act pursuant to which the verified claim and stop-notice were filed provides that all actions brought thereunder against the disbursing officers for the enforcement of such claims shall be governed by the provisions of sections 1184a, 1184b and 1184c of the Code of Civil Procedure, relating to the foreclosure of mechanics' liens; and subdivision 3 of section 29 of the act establishing municipal courts, in force at the time these transactions took place, provided that the municipal court shall have exclusive

jurisdiction in "All actions to enforce and foreclose liens on personal property, where the amount of such liens is two thousand dollars or less." Furthermore, as held in *L. W. Blinn Lumber Co.* v. *Pioneer Drainage Dist.*, 50 Cal. App. 364 [195 Pac. 750], a stop-notice filed pursuant to the act above mentioned serves as an equitable garnishment —a form of equitable subrogation regulated by statute, which gives a right of recovery of the money so garnisheed.

Here admittedly the fund against which the equitable garnishment lien existed, and against which foreclosure was sought, was held by said county officers in the county treasury in the city of Los Angeles; and as pointed out, under the provisions of the Municipal Corporation Act above cited, the municipal court of that city is given exclusive jurisdiction of such lien foreclosure actions, where the amount involved is two thousand dollars or less. It follows, therefore, that the present action should have been instituted in the munipical court and that the superior court was without jurisdiction to hear and determine the same.

Plaintiff's contention that the superior court was vested with jurisdiction is based fundamentally on the theory that the situs of his lien for labor was where the labor was performed, which admittedly was outside of the city of Los Angeles. But in order to sustain such theory it would be necessary to hold that the lien resulting from the equitable garnishment was not against the unpaid fund remaining in the hands of the disbursing officers in the city of Los Angeles, but that the effect of the filing of said verified claim and stop-notice was to create a lien against the public improvement on which he performed the work. Obviously it cannot be so held, because it is well settled that, unlike cases of privately-owned property, no such lien can be created against public property (*Slayden* v. *O'Dea,* 182 Cal. 500 [189 Pac. 1066]), it being expressly held in this regard that the cumulative remedy provided by section 1184 of the Code of Civil Procedure, for the enforcement of an equitable garnishment, grants no right to sell public property under execution and forced sale. (*Bates* v. *Santa Barbara County,* 90 Cal. 543 [27 Pac. 438].)

The Blinn case, *supra,* cited by plaintiff and upon which he strongly relies in support of his contention as to jurisdiction, is not helpful to him. It was decided long prior to

the enactment of the statute creating municipal courts; and an examination of the decision therein will demonstrate that the reasons which impelled the reviewing court there to hold that the superior court in the exercise of its equitable jurisdiction did not err in retaining and deciding the controversy before it, are not available here. Nor are the cases of *Johnston Gas Furnace Corp.* v. *Superior Court,* 106 Cal. App. 166 [288 Pac. 808], and *Scott* v. *Superior Court,* 108 Cal. App. 764 [292 Pac. 290], in point because in each of them the lien for materials and labor existed against privately-owned property situate outside of the city of Los Angeles; and it was held, therefore, that since the situs of the liens sought to be foreclosed was outside of the territorial limits of the municipal court of that city, the jurisdiction of said court did not extend thereover.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 26, 1934.