[No. 19620.    Department Two.    May 17, 1926.]

H. K. McCANN COMPANY, *Respondent,* v. EDMUND R. WEEK, *Appellant.*[1]

[1] CORPORATIONS (102) — STOCKHOLDER'S LIABILITY FOR CORPORATE DEBTS—SET-OFF OF CLAIM AGAINST CORPORATION. Where the stockholder's liability to creditors of an insolvent corporation is personal, several and primary, for his proportionate part of the debt, and he is himself a creditor of the corporation, he has the right of set-off (PARKER, J., dissenting).

[2] SAME (102). Such right of set-off is not defeated by the defendant's filing a claim with the assignee in bankruptcy, where he had received nothing on the claim.

Cross-appeals from a judgment of the superior court for Spokane county, Lindsley, J., entered June 19, 1925, upon findings in favor of the plaintiff, in an action to

[1]Reported in 246 Pac. 292.

enforce a stockholder's liability to a corporate creditor, tried to the court. Reversed on defendant's appeal.

*Fred B. Morrill,* for defendant-appellant.

*Turner, Nuzum & Nuzum,* for plaintiff-appellant.

MAIN, J.—The plaintiff, as a creditor of an insolvent corporation, brought this action to recover from a stockholder of that corporation upon his superadded liability. The trial to the court without a jury resulted in findings of fact, conclusions of law and a judgment sustaining a recovery in the sum of $4,061.57. From the judgment thus entered the defendant appeals. The plaintiff cross-appeals, claiming that he was entitled to recover a greater sum.

The facts are stipulated. The plaintiff is a corporation organized under the laws of the state of New York. The Luthy Company was a corporation organized and existing under the laws of the state of California. The defendant was a stockholder in the California corporation. The transactions out of which the obligation of the Luthy Company to the plaintiff arose took place in California. Under the constitution of that state, every stockholder of a corporation is individually and personally liable for such proportion of all of its debts and liabilities contracted during the time he was a stockholder as the amount of stock or shares owned by him bear to the whole of the subscribed stock. Under the statute of that state, any creditor of a corporation has the right to institute joint or several actions against any of its stockholders for the proportion of his claim payable by each. It is stipulated that the supreme court of California has held that the stockholders' liability is primary and accrues immediately on the incurring of the indebtedness by the corporation, and that the creditors of the corporation may sue stock-

holders of the corporation on any such indebtedness, without first suing the corporation or resorting in any manner to the corporation assets. In this action the defendant sought to offset against the claim of the plaintiff an indebtedness which the Luthy Company owed to him. This offset was disallowed. By the action, the plaintiff sought to recover the sum of approximately $7,000. According to the stipulated facts, the books of account of the Luthy Company showed a balance due the defendant for money loaned to it of approximately $20,000.

[1] The controlling question is whether the defendant had a right to plead and prove the offset. This question, so far as we are informed, has not been decided by the supreme court of California. Under the stipulation as to the facts and the California law, it appears that in that state, the stockholders' superadded liability is immediate, personal and several. The creditor has the right to sue directly the stockholder without first suing the corporation or exhausting its assets. In 14 C. J. 1046, it is said:

"A stockholder who is also a creditor of an insolvent corporation cannot set off a debt which the corporation owes him against his statutory liability for the corporate debts, where the object of the statute imposing the liability and of the suit brought in accordance with its provisions is to realize a fund for the ratable payment of all corporate debts, since this would be giving him an unlawful preference as a creditor, in violation of the plain legislative intent; and for the further reason that this statutory liability is not to the corporation itself, but to the creditors, and if he is a stockholder of record, the fact that he holds the stock as collateral will not affect the operation of this rule. On the other hand while there is some authority to the contrary, the weight of authority is to the effect that, where suit is brought in accordance with a statute authorizing it by a single creditor for his sole benefit to enforce a per-

sonal, immediate, and several liability imposed on a stockholder by statute, it is then competent for the stockholder to set off a debt owing to him from the corporation. However, this principle can apply only when the liability by statute is personal and several and when any creditor may proceed against the stockholder to enforce its provisions, and to entitle the stockholder to a set-off, he must be in fact a creditor of the corporation, and the debt must have matured.''

In Vol. 1 (6th ed.) Cook on Corporations, p. 608, after stating the rule that, where the statute creates a fund out of which the creditors are to be paid ratably, a stockholder cannot set off an indebtedness of the corporation to him when sued directly by a creditor, it is said:

''But where the stockholder's liability by statute is immediate and personal and several, and any creditor may sue any stockholder, then the stockholder may set off a debt, owing to him from the corporation, when he is sued by a corporate creditor.''

In Vol. 2, Beach on Private Corporations, § 727, it is said:

''Whether a shareholder may set off against his liability to corporate creditors, claims which he himself holds against the company, depends upon the nature of the liability sought to be enforced, the distinction being between his liability at common law and under statutes which are merely declaratory of the common law, on the one hand; and, on the other hand, the additional personal liability, over and above his subscription, imposed upon the shareholder in certain kinds of companies by our modern statutory law. In the former case counter-claims and offsets are not available in actions brought by or in behalf of corporate creditors. In the latter case, the availability of the plea depends upon the language and purpose of the statute creating the additional liability. If the language of the act be construed as indicating an intention on the part of the legislature to create a fund

to which all shareholders are to contribute and from which the creditors are to be paid ratably, the shareholder must contribute his proportion thereto and then come in with other creditors in the distribution of the corporate assets. But if the statute imposes upon the shareholders a personal liability to creditors immediate and several, so that any creditor may institute an independent action against any shareholder for the enforcement of corporate debts, then a defendant shareholder may set off debts due from the company to himself. But of course a claim on which the corporation is not legally liable is not available as a set-off. And stockholders are not creditors in respect of sums paid by them to the company on their subscriptions.''

Taylor on Private Corporations (5th ed.), § 730, and Fletcher's Cyclopedia Corporations, Vol. 7, § 4246, state the rule to the same effect.

In *Pierce v. Topeka Commercial Security Co.*, 60 Kan. 164, 55 Pac. 853, it is said:

''Where the statute creates a liability against stockholders which is personal and several, and actionable by any creditor against any stockholder, it is generally held that a stockholder may, in such a proceeding, brought against himself, set off debts due to him from the company.''

To the same effect are the cases of *Mathez v. Neidig,* 72 N. Y. 100; *Wheeler v. Millar,* 90 N. Y. 353; *Hood v. French,* 37 Fla. 117, 19 South. 165; *Jerman v. Benton,* 79 Mo. 148; *Boyd & Son v. Hall,* 56 Ga. 563.

Illinois, Indiana, Iowa and South Carolina have held to the contrary doctrine. *Buchanan v. Meisser,* 105 Ill. 638; *Thompson v. Meisser,* 108 Ill. 359; *Boulton Carbon Co. v. Mills,* 78 Iowa 460, 43 N. W. 290; *Gentry v. Alexander,* 16 Ind. 471; *Lauraglenn Mills v. Ruff,* 57 S. C. 53, 35 S. E. 387.

Cases where the constitutional provisions or statutes creating a superadded liability on the part of a stockholder have been construed as indicating an inten-

tion on the part of the legislature to create a fund, to which all shareholders are to contribute and from which the creditors are to be paid ratably, and cases holding that the liability created on the part of the stockholder is in the nature of a guaranty are not in point. In neither of those instances could there be a set-off.

Where, however, the liability of the stockholder is personal, several and primary, as it is stipulated the California law makes the liability to be, we see no reason why the creditor, who also is a stockholder, should not have the right of set-off. A stockholder has a right to deal with the corporation and loan it money. When he extends to it credit, it would seem that he would be entitled to the same right as any other creditor. The South Carolina case of *Lauraglenn Mills v. Ruff*, *supra*, contains the best discussion as to the basis of the respective holdings. It is there pointed out that, where it is held that there is no set-off, the courts treat the statutory provision as intended for the protection of the interests of creditors only, and not for creditors who also happen to be stockholders. The basic view of the other line of holdings is, that the fact that a creditor may also be a stockholder should not deprive him of the same rights which any other creditor has under the statute.

There is in the brief of the plaintiff some criticism of the texts above cited, because it is claimed that they do not correctly reflect the holdings of the courts. With this view we are hardly in accord. It seems to us that the doctrine announced by the text writers is fairly supported by the cases. In some of them it is expressly recognized that there are two lines of decisions. It is apparent, however, that the text writers are inclined to the view that the right of set-off should exist. With this view we are in accord.

The plaintiff further claims that, since the defendant filed a claim with the assignee in bankruptcy and accepted benefits thereunder, he thereby estopped himself to rely upon a set-off. This contention is based upon the findings to the effect that the books of account of the Luthy Company showed a balance due to the defendant of $19,800, and that he had filed a claim with the assignee of the Luthy Company showing a balance due him of $21,980. The findings fail to show that he was paid anything on the claim, assuming, but not deciding, that if he had been so paid there would be an estoppel.

It follows that the judgment must be reversed upon the defendant's appeal and the case remanded with directions to the superior court to dismiss the action.

TOLMAN, C. J., MITCHELL, and MACKINTOSH, JJ.. concur.

PARKER, J. (dissenting)—I feel constrained to dissent from the conclusions of my brethren expressed in the foregoing opinion.

Since, under the California constitution and statutes, each stockholder is individually and personally liable for such proportion of the debts of the corporation as the amount of stock, owned by him bears to the whole of the capital stock; since this is a liability by the stockholders direct to each creditor, and not to the corporation, immediately upon the incurring of the indebtedness by the corporation; and since the creditor has the right to sue and recover direct from the stockholder such proportion of his claim; I am unable to understand how any indebtedness owing by the corporation to the stockholder so sued can be held to be an off-set in his favor against the creditor. If this be the law, then by action of the corporation and the stockholder alone, the creditor, without his consent, may be de-

prived of the right to look to the stockholder for his proportionate liability.

The outstanding features of this problem, as I see it, are that the stockholder's liability to the creditor is immediate and is limited to such proportionate amount of the creditor's claim as the amount of his stock bears to the whole of the corporation's capital stock; that is, if a stockholder owns one-tenth of the capital stock, he is immediately liable to the creditor for one-tenth of the creditor's claim, recoverable at the suit of the creditor against such stockholder. This, to my mind, renders the California constitution and statutes as providing, in substance, for a fund for the ratable payment of all corporate debts as a charge against the stockholders in proportion to their several ownerships of the corporation's capital stock. True, the California constitution and statutes, as here presented to us, do not provide for the collection from the stockholders and paying out to the creditors by a receiver or some other trust officer acting in behalf of all creditors, but the result of suits by creditors directly against stockholders for their proportionate liabilities has, to my mind, exactly the same effect under these California constitutional and statutory provisions; that is, the several amounts of liability from the stockholders to the corporate creditors constitute in substance, on the whole, a trust fund for the benefit of the corporate creditors. I think that most, if not all, of the authorities cited in the majority opinion can be reconciled with, and will lend support to, this view of the law, when critically examined.

I am willing to concede for present purposes that as between two stockholders, both of whom are also creditors of the corporation, the problem would have to be viewed from a different angle. But that is not this

case. This respondent creditor is not a stockholder of the Luthy Company of California, of which the appellant Week is a stockholder, from whom recovery is sought as such stockholder.