[No. 19620. *En Banc.* January 7, 1927.]

H. K. McCann Company, *Respondent*, v. Edmund R. Week, *Appellant.*[1]

Cross-appeals from a judgment of the superior court for Spokane county, Lindsley, J., entered June 19, 1925, upon findings in favor of the plaintiff, in an action to enforce a stockholder's liability to a corporate creditor, tried to the court. Reversed on defendant's appeal.

*Fred B. Morrill*, for defendant-appellant.

*Turner, Nuzum & Nuzum*, for plaintiff-appellant.

### On Rehearing.

Per Curiam.—Upon a rehearing *En Banc*, a majority of the court adheres to the opinion heretofore filed herein and reported in 139 Wash. 183, 246 Pac. 292.

Judgment reversed upon the defendant's appeal and case remanded with directions to the superior court to dismiss the action.

Judge Parker, being absent, took no part in the hearing *En Banc*.

Bridges, J. (dissenting)—Just now I am unable to find time to fully give my reasons for dissenting from the conclusion reached by the court on what seems to me to be an exceedingly important question. I will do little more than state my position in the briefest way.

The California statute, which is conceded to be controlling of the question involved, is that

". . . each stockholder of a corporation is individually and personally liable for such proportion of all of its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation. Any creditor of a corporation may institute joint or several actions against any of its stockholders for the proportion of his claim payable by each. . . . " As I understand it, the highest courts of California have held that under this statute a creditor has the right to sue the stockholder directly and without first suing the corporation or exhausting its assets. Under these decisions there can be no question but that the respondent, as a creditor of the Luthy Company, had a right to maintain this action against the appellant, who is a stockholder of that corporation, and to obtain a judgment, unless that

[1]Reported in 251 Pac. 858.

right of recovery can be defeated by the appellant showing that he is also a creditor of the corporation of which he is a stockholder in an amount more than sufficient to offset any statutory liability from him to the respondent. It seems to me that to permit the appellant to offset the indebtedness from the corporation to him would be to violate the intent of the statute, be unsound in principle and unfair in actual application.

Under the statute and the construction given to it by the California courts, the appellant is primarily, originally and individually liable to the corporation creditor, and it seems to me that it was the legislative intent that that liability should always exist, without any manner of impairment, for the benefit of the creditors. Many corporations have but two or three stockholders who control its affairs and finance it by loaning it money. In such instances, if the majority opinion is correct, the statutory protection to the creditor would be merely words without substance, and the stockholder could defeat his liability by merely lending money to his corporation for his own benefit and enrichment. Of course, ordinarily, a stockholder has a perfect right to lend money to his corporation, and, if that corporation sue him upon any liability, he should have the right as against the corporation to offset what it owes him. In so doing, no statutory liability for the benefit and protection of creditors will be violated or made ineffective. But there is a great difference between offsetting as between the stockholder and his corporation and offsetting as between the stockholder and one of the corporation creditors. Under the decisions of the California courts, the stockholder is primarily liable to the creditor, that is, is liable to the same extent and in the same manner as if he had personally entered into a written contract with an intending creditor to become primarily liable to the extent provided by the statute. Suppose, therefore, that the respondent was suing upon such a personal contract. Could the appellant defeat the action by seeking to offset a sum which the corporation owed him? It seems to me that the question answers itself. If, under the statute, the stockholder's liability can be defeated by offsetting sums due from the corporation to him, then the statutory liability has ceased to be an immediate, personal and primary liability or any protection to the creditor. The purpose of the statute was to protect the creditor who is not a stockholder, and not to protect the stockholder who is also a creditor. In principle the case is like this. I contract with "A" that, in consideration of certain benefits flowing to me, I will pay him any sum "B" may in the future owe him for services performed and that my liability shall be primary and direct. "A" sues me on this contract. Can I defeat him by showing that "B" also owes me? Certainly not, for the simple reason that my liability to him is primary. If it were secondary, my offset might be allowed. A primary liability can be

defeated only by an offset against the person suing—both the debt and the offset must be primary liabilities.

In addition, if the appellant may offset what the corporation owes him, then he as a creditor may, and in many instances would, at the expense of the other creditor, be paid in full what is owing to him, which situation would certainly violate the legislative intent, and the court should not give such construction to the statute as would or might work such injustice.

While there seem to be authorities holding to the contrary of my view, there are at least some which support it.

For the reasons thus briefly, and I fear not very clearly, given, I am forced to dissent.

FULLERTON and HOLCOMB, JJ., concur with BRIDGES, J.