THE PACIFIC GUANO AND FERTILIZER COMPANY, Appellant and Respondent, *v.* FREDERICK OPOLINSKY, Appellant and Respondent.

Supreme Court, Appellate Term, First Department, December 3, 1929.

*Ehrich, Royall, Wheeler & Walter* [*Ralph Royall* and *Alfred W. Bressler* of counsel], for the plaintiff.

*Samuel J. Levinson* [*Frank Weinstein* of counsel], for the defendant.

CALLAHAN, J. The complaint alleges that the plaintiff was a creditor of the Ward Fruit Company, a California corporation, and that at the time that its debt was incurred the defendant was a stockholder of the said Ward Fruit Company owning 195 shares of the 1,153 shares outstanding. Plaintiff's four causes of action are for goods sold and delivered to the Ward Fruit Company which were not paid for, the complaint claiming the right to hold defendant liable for the percentage of the debt that his stock bore to the total issue.

The Constitution of the State of California (Art. 12, § 3, as amd.) provides: " Each stockholder of a corporation, or joint-stock association, shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation or association."

And under section 322 of the Civil Code of California: " Each stockholder of a corporation is individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation. * * *

" If any stockholder pays his proportion of any debt due from the corporation, incurred while he was such stockholder, he is relieved from any further personal liability for such debt, and if

an action has been brought against him upon such debt, it must be dismissed, as to him, upon his paying the costs, or such proportion thereof as may be properly chargeable against him.

" The liability of each stockholder is determined by the amount of stock or shares owned by him at the time the debt or liability was incurred; and such liability is not released by any subsequent transfer of stock.

" The term stockholder, as used in this section, applies not only to such persons as appear by the books of the corporation to be such, but also to every equitable owner of stock, although the same appears on the books in the name of another; and also to every person who has advanced the installments or purchase money of stock in the name of a minor, so long as the latter remains a minor; and also to every guardian, or other trustee, who voluntarily invests any trust funds in the stock."

Defendant attacks the complaint on the ground that this State will decline to enforce a foreign statute imposing individual liability on stockholders residing in this State for the benefit of an individual foreign corporate creditor as repugnant to the public policy of this State.

We cannot agree with that contention. Considering the form of the California statute and the remedy it proposes to give creditors of corporations, the rules of comity require us to hold that it may be enforced in an action at law against an individual stockholder. The doctrine of *Marshall* v. *Sherman* (148 N. Y. 9), while still effective in this State, has no application to a statute of the kind here involved. That decision must be considered in the light of the Kansas law it related to. The Kansas statute not only created a liability but provided a peculiar and complicated remedy unknown to our courts and which could not be entirely enforced in this State. (*Howarth* v. *Angle*, 162 N. Y. 179.) It also involved the creation of a fund to be applied to all creditors and thus required the intervention of equity to fairly distribute it. Under the California statute the stockholder's liability is in no way limited in amount or restricted to a fund. Each stockholder is held individually and personally liable for that proportionate amount of the creditor's claim which his stock bears to the total subscribed capital stock. The liability imposed is in the nature of that borne by partners. (*Thomas* v. *Matthiessen*, 232 U. S. 221.)

Where the statutory liability is of a personal nature, unlimited in amount and not restricted to a particular fund, an action at law is the proper remedy to enforce it. (*Marsh* v. *Kaye*, 168 N. Y. 196.)

The court was right in denying defendant's motion to dismiss.

Plaintiff's motion to dismiss the defense and offset was denied below on the ground that the weight of authority permitted a stockholder so sued who was also a creditor of the corporation to plead his claim as an equitable setoff. While the question is not without difficulty, the authorities cited by the learned justice below may be distinguished by comparing the statutes involved therein with that now before us. The leading cases of *Mathez* v. *Neidig* (72 N. Y. 100) and *Wheeler* v. *Millar* (90 id. 353) both involved the former General Manufacturing Act (Laws of 1848, chap. 40) of this State, where the liability imposed was limited to the amount of the stock held. The purpose was to create a fund to protect creditors. While an individual action at law might be brought under that statute, the creditor also had the right to bring a creditor's action in equity. If he chose the former, as occurred in both cases cited, the court stated that because it had no opportunity to equitably administer the fund the stockholders so sued should be allowed to plead their claims as equitable setoffs. That statute created a secondary liability and required but a single payment up to the amount of stock held. The stockholder-creditor had the same interest in the fund that any other creditor had.

Unquestionably as to statutes creating a secondary liability and providing a limited fund where individual actions were brought, the weight of authority permits the interposition of such a setoff as an equitable defense. (See 14 C. J. 1046.) The courts of California have permitted a setoff where the liability existing because of unpaid subscriptions to capital stock made stockholders liable in a limited amount. (*Turner* v. *Fidelity Loan Concern*, 2 Cal. App. 122; 83 Pac. 62.) This case was not based on section 322 of the California Civil Code. Under that section even though the defendant were owed by the corporation an amount exceeding his liability to all creditors, he would be in no way prejudiced by payment of any creditor's claim. He would be liable to every such creditor, having in turn a cause of action against his fellow-stockholders to collect their *pro rata* share of his claim against the corporation. No fund is involved for creditors to share. Accordingly no necessity for the intervention of equity or the pleading of an equitable setoff exists. In addition the liability created by the California statute is a primary one and the stockholder is liable to the same extent as if he had personally entered into the contract. In such a case the stockholder would have no more right to offset the debt of the corporation than would a partner, if sued, have the right to offset the debt of a copartner, or a guarantor to set up a claim against the principal. Under the statute here being considered, the setoff, if any, should be confined to one where

mutuality exists. If the suing creditor were also a stockholder, of course the defendant-stockholder might assert his cross-claim.

The single reported decision we have been able to find that considered this precise question as to section 322 of the California Civil Code held a claim against the corporation might be setoff by the stockholder. (*McCann Co.* v. *Week*, 139 Wash. 183; affd., 141 id. 702.) Both appellate courts divided sharply on the question. The dissenting opinions therein appear to us to assert the correct view.

Order denying motion to dismiss complaint affirmed, with ten dollars costs and disbursements, and order denying motion to dismiss separate defense and counterclaim reversed, with ten dollars costs and disbursements, and motion granted.

All concur; present, BIJUR, CALLAHAN and PETERS, JJ.