[Civ. No. 7454. First Appellate District, Division One.—July 9, 1931.]

THE H. K. McCANN COMPANY (a Corporation), Appellant, v. E. R. WEEK, Jr., Respondent.

Arthur L. Shannon and Winfield Dorn for Appellant.

Robert L. McWilliams and F. B. Morrill for Respondent.

PARKER, J., *pro tem.*—The action is to enforce the statutory liability of defendant as a stockholder in a corporation known as The Luthy Company. For the purposes of the first branch of the case it may be conceded that plaintiff is a creditor and that defendant, save and except for the defense hereinafter to be discussed, was liable to plaintiff in an amount proportionate to defendant's share of the issued stock of the corporation at the time of the creation of the indebtedness which is the foundation of the action.

However, in response to plaintiff's claim defendant entered the plea that he, as well as being a stockholder, was likewise a creditor of the corporation and that by reason of this fact he was entitled to set off against the claim of plaintiff the corporation's indebtedness to him. It might be well to note here that the claim of defendant is not that he is entitled to a set-off in its strictest statutory sense, but rather it is his contention that his defense is in the nature of an equitable defense in the nature of a set-off. It will be unnecessary to go minutely into the distinction suggested. It may be conceded that a right of equitable defense may exist where the provisions of the code regulating and defining set-off or counterclaim would not apply. Without the detail of analysis we may at once approach the question involved.

The point to be determined is whether or not a stockholder of a corporation who is also a creditor can, in a suit by another creditor to enforce the stockholder's liability, set up the latter's claim against the corporation as any defense to the claim of the creditor either by way of set-off, equitable defense or otherwise.

It may be here noted, however, that no issue of fraud, estoppel, waiver or laches enters into the case.

It is passing strange that the question has never before been directly passed upon in this jurisdiction and stranger still it seems to come up now on the eve of this state's abandonment of the old Stockholders' Liability Law.

The California statutes have been construed and applied in other jurisdictions. For instance, in Washington, on this same cause of action by the same plaintiff against the father of the present defendant, it was held that the creditor stockholder did have the right of set-off. (*H. K. McCann Co.* v. *Week,* 139 Wash. 183 [246 Pac. 292], and on petition for rehearing before the court *en banc* in 141 Wash. 702 [251 Pac. 858].) In noting this citation it may be stated that there was a strong minority dissent.

In New York exactly the opposite conclusion was reached and the Washington case referred to in this language: ''The single reported decision we have been able to find that considered this precise question as to section 322 of the California Civil Code, held a claim against the corporation might be set off by the stockholder. (*H. K. McCann Co.*

v. *Week,* 139 Wash. 183 [246 Pac. 292]; affirmed 141 Wash. 702 [251 Pac. 858].) Both appellate courts divided sharply on the question. The dissenting opinions therein appear to us to assert the correct view." (*Pacific etc. Co.* v. *Opolinsky,* 135 Misc. Rep. 265 [237 N. Y. Supp. 682, 686].)

The text-writers on corporation law are almost in accord in holding that under the California statutes the right of set-off is accorded the stockholder creditor, though manifestly their conclusions result from independent reasoning based upon analogies in the general law of corporations. Such being the situation, we prefer to form our own conclusions independent of noncontrolling authority, and resting the same upon the decisions of our own state, which though not determinative of the point in express language, nevertheless do firmly establish a background from which an easy solution may follow.

In the early case of *Mokelumne Hill Canal & Min. Co.* v. *Woodbury,* 14 Cal. 265, it is said: "It would seem, from a just and reasonable construction of the constitutional and statutory provisions upon this subject, that an individual corporator, in respect to his personal liability for the debts of the corporation, does not occupy the position of a surety, but that of a principal debtor. His responsibility commences with that of the corporation, and continues during the existence of the indebtedness. It is not in any sense contingent, but is declared to be absolute and unconditional. The remedial effect of these provisions, in which consists their only value, should not be impaired by construction." It is the last clause of the quotation that particularly commends the citation to study. And obviously, the remedial effect of the provisions is to protect one extending credit to a corporation.

In *Morrow* v. *Superior Court,* 64 Cal. 383, 386 [1 Pac. 354, 355], we find this language: "As to the primary liability of the stockholders of the company, for its debts, we entertain no doubt. . . . The liability of the stockholder is, in our opinion, as distinct and separate from that of the corporation as it would be if the act had made no provision for any other liability than that of the stockholders for the debts of the company."

And so running on through an unbroken line of decisions to the case of *Williams* v. *Carver,* 171 Cal. 658 [154 Pac.

472], wherein the court says that the stockholder's liability is no part of the property or assets of a corporation and the right of the creditor to pursue his claim against the stockholder is a personal right of the creditor.

The entire subject is exhaustively reviewed in the case of *Ellsworth* v. *Bradford,* 186 Cal. 316 [199 Pac. 335, 336]. In that case we find the following principles adopted: That California is ''one of the few states in which the liability of the stockholder is not collateral but is original, and partakes of the nature of the liability of partners. The result is that an action lies 'directly against the shareholders as against partners on their joint contract'. . . . The limitation of the authority of the corporation to in any way enlarge or extend or renew the stockholder's statutory liability is declared in the decisions of this court holding the corporation powerless to extend such liability by a new promise, or by agreement extending the period of the statute of limitations, or by changing the form of the indebtedness.''

In *Winona Wagon Co.* v. *Bull,* 108 Cal. 1 [40 Pac. 1077, 1079], the court adopts the following language from an Indiana case (*Trippe* v. *Huncheon,* 82 Ind. 307) as to the relation of the corporation to stockholders' liability: '' 'The corporation has nothing to do with this liability, nor has it the right or power to represent its members as to this individual obligation. It is a matter between the creditors of a corporation and its members, not as corporators, but as individuals.' ''

The respondent's urging of the right of set-off or equitable defense is in accord with the foregoing. He contends that it is solely by reason of this detached and individual relationship between a creditor and the stockholder that the set-off should be allowed. The contention seems to be based mainly upon the reasoning of the recognized text-writers and of courts of other jurisdictions resting their decisions upon the text. While the writers found no California authority to support their conclusions the method of reasoning was comparative. In many of the states throughout the country the stockholders' liability by statute was more in the nature of that of guaranty or secondary liability. In enforcing this liability and in attempting to support the varied legislation upon some legal theory the courts declared that the obligation of the stockholder was allied to the trust fund

theory, and that by reason of the liability of a stockholder being in the nature of the establishment of a trust fund, it would be inequitable to permit the stockholder to set off his own claim against the corporation. After arriving at this conclusion all other theories seemed to be abandoned and the decisions followed along the trust fund theory alone. Thereafter this became the test. The text-writers, in academic discussion, argued that under the California statute where there was no element of guaranty or suretyship, the trust fund theory was not applicable. The argument then proceeds to the effect that the right of set-off being denied because the enforcement of the stockholders' liability created a trust fund, it would follow that where the trust fund theory did not apply the right of set-off must be allowed. And thereupon in bold letters these self-created authorities wrote Q. E. D.

Clark on Corporations, third edition, pages 747, 748, presents the viewpoint of the authors as follows: "If it is sought to compel them [the stockholders] each to contribute a proportionate sum to a fund for the payment of all creditors *pro rata,* a set-off cannot be allowed. Where, however, an action is brought by a single creditor as may be done under some statutes, to enforce a several and original liability, for the sole benefit of the creditor suing, it is held anomalously, by the weight of authority, that upon equitable grounds the stockholder may set off a debt owing to him from the corporation." While a characterization of the weight of authority as anomalous might involve a contradiction of terms, yet it is obvious that a sum held by an individual to be devoted to a specific purpose may be a trust fund in as great a degree as a sum made up of many smaller sums similarly held.

We need pursue the discussion no further. An analysis of the rulings of our own courts, already cited, indicates that a set-off, as here claimed, cannot be allowed. Incidentally we cite the code section on counterclaim and set-off, section 438 of the Code of Civil Procedure. We also cite the case of *Stevens* v. *Weisbaum,* 87 Cal. App. 664 [262 Pac. 762, 764], wherein on a claim of one stockholder to set-off, not the stockholder-creditor's claim against the corporation, but only the proportion thereof, which was collectible against the plaintiff creditor who happened to be himself a stock-

holder, the court says: "As to the counterclaim asserted . . . there is no showing that the" amount "represented an indebtedness growing out of the same transaction, or that it bore any relation whatsoever to the employment of the" plaintiff. "It could not legally be set off against any judgment rendered in this action." In *Kaye* v. *Metz,* 186 Cal. 42 [198 Pac. 1047, 1049], we find this language: "In order to warrant a set-off 'the debts must be mutual and the principle of mutuality requires that the debts should not only be due to and from the same person, but in the same capacity'."

We may now pass to the claimed equities compelling the allowance of the claim of respondent, if not by way of legal set-off, then by way of equitable defense in the nature of a set-off. As respondent throughout answers every contention of appellant with the one word "equity", it might be well to consider the practical meaning of the word. While courts and writers are inclined to reach the heights of panegyric in framing an all-embracing definition of the term, yet, in the main, they meet in common agreement that "equity is equality". In every instance where principles of equity are sought to be applied the idea of equality compels consideration of the rights of all parties concerned.

Equality must be distinguished from expediency or individual solicitude. Where a stockholder in a corporation, by advances or loans or payment of certain obligations of the latter, bolsters up the credit of the corporation or provides for its existence to the end that others might extend it credit, there surely can be no equality in delaying or withholding the demand of the creditors until the stockholder has been restored to his original position.

Adopting the thought of Bridges, J., in the Washington case, *H. K. McCann Co.* v. *Week,* 141 Wash. 702 [251 Pac. 858], let us suppose that A enters a mercantile establishment and says to the owner, B: "I am starting out C in business and I want you to extend to him credit for whatever he might order. Bear in mind that the solvency or credit of C is of no concern to you. I stand personally, primarily and directly liable to you for any indebtedness incurred by him. For the purposes of this credit you may forget C entirely and consider the transaction as between you and me." Accordingly B does extend credit to C.

Then when he looks to A for payment, could it be held that the latter could defend against the claim of B successfully by showing that C owed A an amount greater than the claim of B?

We hold the trial court erred in allowing the defendant herein his set-off against the claim of appellant.

■ Respondent contends, however, that if such a strange and remarkable thing should happen that we hold the set-off not allowable, the judgment must be affirmed for another reason. He contends that there is no liability upon him as a stockholder for the all-sufficient reason that the debt or obligation sued on arose prior to the time that he became a stockholder in the corporation. This same case was before the Supreme Court and the opinion of the court is found in *H. K. McCann Co.* v. *Denny,* 205 Cal. 147 [270 Pac. 190]. Necessarily, to the extent of the matters before the court, the law of the case has been made. The matter was determined and a hearing in bank denied. If respondent has any quarrel with the holding, he might prevail upon the higher tribunal to change its views. Fortunately, or unfortunately, as the case may be, we can give no comfort to him.

Respondent, however, argues that all the Supreme Court had before it was the question of the statute of limitations as the same applied to the enforcement of a claim against stockholders on their statutory liability. Obviously, before the court could determine whether or not the statute had run, it must first determine when the cause of action arose. This is exactly what the court did, holding that since the obligation of the corporation could not arise until plaintiff had paid the bills of the corporation under the agreements in evidence, that upon such payment, for the first time the liability of the stockholders of the corporation by reason of such payment would arise. We think the decision makes the law of the case.

The case was tried below upon an agreed statement of facts, from which it appears that some of these payments were made before defendant became a stockholder and some were made after. As to the latter respondent would be liable.

We might here note that the complaint was in two counts. The second count was disposed of in the opinion of the Supreme Court noted, and is out of the case entirely.

·We do not feel that the record before us is such that we may order the entry of an exact judgment in the court below, but from what has preceded and with the opinion of the Supreme Court determining other controverted points, it would appear that the further action of the trial court would be more or less perfunctory.

The judgment is reversed with directions to the trial court to enter its judgment pursuant to the views herein and in the opinion of the Supreme Court expressed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 8, 1931, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal was denied by the Supreme Court on August 31, 1931.