[Civ. No. 8395.  First Appellate District, Division Two.—May 11, 1932.]

E. R. WEEK, Respondent, v. THE LUTHY COMPANY (a Corporation) et al., Defendants; G. W. BRAINARD, as Trustee, etc., Appellant.

Arthur L. Shannon, William J. Hayes and Grant H. Wren for Appellant.

Robert L. McWilliams and Fred B. Morrill for Respondent.

SPENCE, J.—Plaintiff was both a creditor and a stockholder of The Luthy Company, a California corporation. Said corporation had financial difficulties and assigned its assets to defendant G. W. Brainard, as trustee. This action was brought to establish the amount of plaintiff's claim as a creditor of the corporation and to have it decreed that

the defendant trustee pay over to plaintiff his proportionate share of the assets assigned to the trustee by the corporation. From a judgment in favor of plaintiff for the full amount of his claim the defendant trustee appeals.

There is no dispute as to the amount of respondent's claim except so far as it· may be affected by certain litigation in the courts of the state of Washington in which certain creditors of the corporation sought to enforce their rights as creditors under the law of the state of California against respondent as a stockholder in the corporation. Respondent by way of defense in those cases sought to offset the larger indebtedness of the corporation to him. The trial court in Washington denied respondent the right of set-off, but upon appeal the judgment was reversed in each of the cases ''with directions to the superior court to dismiss the action''. (*McCann Co.* v. *Week*, 139 Wash. 182 [246 Pac. 292] ; Id., 141 Wash. 702 [251 Pac. 858] ; *Cordes* v. *Week*, 139 Wash. 695 [246 Pac. 295].)

█ It is appellant's contention that respondent's claim against the corporation has been fully satisfied by the previous litigation and that respondent is precluded thereby from any recovery in this action. The sole question considered by the Supreme Court of the state of Washington was that of the right of a creditor stockholder to offset his claim as a creditor of the corporation in an action brought against him by other creditors to enforce his liability as a stockholder. That court was divided on the question, but the offsets were allowed. Much is said in the briefs herein with respect to the views expressed in the majority opinions in those cases, but with the correctness of those views we are not here concerned. We may assume that a stockholder, who is also a creditor, should not be allowed to offset his claim as a creditor of the corporation in an action brought against him by other creditors to enforce his liability as a stockholder and we may further assume that the corporation or its assignee should not be allowed to offset the liability of a stockholder to the other creditors in an action brought by such stockholder, who is also a creditor, to enforce his creditor's claim. The fact remains, however, that respondent has heretofore successfully urged his claim as a creditor of the corporation by way of offset in the actions brought by the other creditors seeking to

enforce his liability as a stockholder and has received the benefit of the decisions of the courts of Washington which sustained his then contentions which were contrary to the above assumptions. Should he now be permitted to assert his creditor's claim in full against the assignee of the corporation and be permitted to share in the assets of the corporation in the hands of such assignee to the full extent which the amount of his original claim would have entitled him? In our opinion he should not. In the previous litigation in which he escaped liability his claim against the corporation has been at least partly satisfied at his own request by offsetting a portion thereof against his liability as a stockholder. He should no longer be permitted to assert it in full. It would be prejudicial to the other creditors to allow him to change his purpose of satisfying his liability as a stockholder out of his creditor's claim and he cannot do so. (Civ. Code, sec. 3512.) Having accepted the benefits of the offsets allowed by the courts of the state of Washington he can no longer treat his creditor's claim used for that purpose as wholly unsatisfied. (Civ. Code, sec. 3521.)

From what has been said, we conclude that the trial court erred in not reducing respondent's claim herein to the extent that said claim had been used by respondent as an offset in the previous litigation. ■ On the other hand, we find no merit in appellant's contention that respondent is precluded as a result of that litigation from asserting his claim even to the extent of the difference between the total amount thereof and the amount of the offsets previously allowed him.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 10, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 7, 1932.