[Civ. No. 5656.   Fourth Dist.   May 2, 1958.]

THOMAS EISTRAT et al., Appellants, v. WILLIAM I. HUMISTON et al., Respondents.

Thomas Eistrat and Elma Eistrat, in pro. per., for Appellants.

W. Floyd Cobb for Respondents.

GRIFFIN, J.—In an action by plaintiff and his wife against defendants William I. Humiston and Marjorie Humiston, husband and wife, plaintiffs recovered judgment against William I. Humiston alone for $19,157.46, plus interest and costs. The court denied judgment against Marjorie Humiston and allowed costs in her favor. Plaintiffs were denied allowance for claimed attorney's fees alleged to be due them on the note involved, because no attorney's fees had been actually incurred. Plaintiffs appealed from that part of the judgment denying them such attorney's fees, holding that Mrs. Humiston was not liable on said note, and in giving her judgment for her costs. Other grounds for reversal of the judgment are set forth but are not here material. For further particulars see *Eistrat* v. *Humiston*, 150 Cal.App.2d 391 [309 P.2d 925], where this court affirmed the judgment as rendered. A hearing by the Supreme Court was denied on June 19, 1957. Thereafter, defendants jointly filed their memorandum of costs on appeal amounting to $126.60. On July 9th, plaintiffs moved to tax those costs and also moved for offset of those costs against the unpaid judgment in favor of plaintiffs and against William I. Humiston individually. Plaintiff's affidavit and supplemental affidavit in support of the motion recites that he believed the $126.10 was expended by William I. Humiston and not by his wife Marjorie; that it was excessive in amount; that after plaintiffs filed this suit William I. Humiston transferred his property to his wife, was unable and failed to pay any portion of the judgment, and that it would be inequitable not to allow the $126.10 costs to be offset against the judgment.

Defendants' attorney, after denying generally the facts related in plaintiff's original affidavit, recites in his affidavit, in opposition to the motion, that this amount was paid to the printing firm by his personal check on behalf of defendant and his wife in contesting plaintiffs' appeal from the portion of the judgment indicated; that in order to compensate their attorney defendants did, on July 3d, assign to him, in writing, the costs awarded them on the appeal, and such assignment was filed with the clerk of the court to be considered in connection with the plaintiffs' motion; that he is the owner of said sum and plaintiffs have no offset against affiant; that such costs were properly incurred on behalf of both respondents on the appeal and no formal abandonment of the appeal as to Marjorie was ever filed in any court; that said sum was properly due to them jointly and it would be unjust and inequitable to permit plaintiffs to offset any sum or amount of the judgment for costs against the judgment rendered solely against William I. Humiston; and that it would also deprive affiant of being reimbursed for costs necessarily incurred by him to sustain the ruling of the trial court on appeal.

After a full hearing the court denied the motion and taxed the costs as indicated. The argument that the trial court should not have allowed any costs on appeal in favor of Mrs. Humiston because it is claimed she was not in fact a respondent on appeal since appellant abandoned his appeal as to her by limiting his points on appeal to claimed errors not affecting Marjorie Humiston, is not supported by the record or facts related. There is no indication that plaintiffs effectively abandoned their appeal as to Mrs. Humiston. In fact, in plaintiffs' closing brief on that appeal (page 3) plaintiffs claim that "The judgment in her favor should not stand."

It is a general rule that the right to setoff exists when the parties hold mutual cross-demands under such circumstances that in equity they should be applied one against the other. (*Harrison* v. *Adams,* 20 Cal.2d 646 [128 P.2d 9]; 29 Cal.Jur.2d pp. 308-309, § 326.) However, in order to warrant an offset the debts must be mutual and the principle of mutuality requires that the debts should not only be due to and from the same person, but in the same capacity. (*Kaye* v. *Metz,* 186 Cal. 42, 49 [198 P. 1047]; *Petersen* v. *Lyders,* 139 Cal.App. 303, 306 [33 P.2d 1030]; *H. K. McCann Co.* v. *Week,* 115 Cal.App. 393, 398 [1 P.2d 452].)

In the instant action it will be noted that Marjorie Humiston was made a party to the appeal taken by plaintiffs

herein and it was incumbent upon her to join with her husband in filing a reply brief. The judgment of the lower court was affirmed on appeal. Both were jointly allowed to recover their costs on appeal in the sum indicated. The judgment in which plaintiffs seek the offset is against only one, namely, William I. Humiston. Therefore, it is not a mutual debt due from the same person within the meaning of the above-cited cases. ■ It has been held that a court of equity will not offset the claim of an individual creditor of one joint owner of a judgment against the other. (*Collins* v. *Butler*, 14 Cal. 223, 230.) ■ The doctrine of setoff is preeminently an equitable doctrine. (*Meherin* v. *Saunders*, 131 Cal. 681 [63 P. 1084, 54 L.R.A. 272].)

It further appears that the cost bill was filed on July 2d, 1957. It recites: "Affidavit of service attached." The record does not contain such an affidavit. The motion to tax was not filed until July 9th. It was claimed by defendants in the trial court that plaintiffs' motion was filed more than five days after service and filing of the memorandum of costs. ■ Under section 1033 of the Code of Civil Procedure such motion should be filed within five days after service of a copy, otherwise objections thereto will be deemed to have been waived. (*San Francisco Unified School Dist.* v. *Board of National Missions*, 129 Cal.App.2d 236 [276 P.2d 829].) ■ Plaintiff, by affidavit, stated he was not served with such memorandum until July 8th. There is no finding of fact with respect to the service of a copy of this cost bill. In the absence of the full record we must indulge in the usual presumption in favor of the order. (4 Cal.Jur.2d p. 242, § 428.)

■ The trial court was justified in holding that under the circumstances related, the costs allowed were proper and defendants' attorney had an equitable lien for the money advanced by him in payment of the costs on appeal, and in denying a setoff against plaintiffs' judgment obtained against Mr. Humiston only. (*Wagner* v. *Sariotti*, 56 Cal.App.2d 693 [133 P.2d 430].) No abuse of discretion appears warranting a finding of prejudicial error.

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied May 29, 1958, and appellants' petition for a hearing by the Supreme Court was denied June 25, 1958.