[Civ. No. 64989. Second Dist., Div. One. Aug. 9, 1982.]

JESUS C. JIMENEZ et al., Plaintiffs and Appellants, v. CITY OF OXNARD, Defendant and Respondent.

COUNSEL

Ralph R. Benson for Plaintiffs and Appellants.

Lawler & Ellis and Margot Davis for Defendant and Respondent.

OPINION

LILLIE, Acting P. J.—Plaintiffs sued the City of Oxnard and the Oxnard City Housing Authority for damages for personal injuries allegedly sustained when the car in which plaintiffs were riding was struck by

a vehicle owned and operated by defendants. The city moved for summary judgment and an award of costs pursuant to Code of Civil Procedure section 1038[1] on grounds that the city and the housing authority are separate governmental entities and the vehicle which struck plaintiffs' car was owned by the housing authority and operated by its employee at the time of the accident; the city therefore is not a proper party defendant and plaintiffs were so informed before they filed this action; accordingly, they did not act in good faith and with reasonable cause in suing the city. After the city filed its motion for summary judgment and costs, plaintiffs requested that the action be dismissed with prejudice as to the city (Code Civ. Proc., § 581, subd. 1); on September 22, 1981, the clerk entered the dismissal as requested. Thereafter, the city's motion for summary judgment and award of defense costs was placed off calendar at its request.

On September 29, 1981, the city served and filed a verified memorandum of costs, claiming as items of cost attorney fees and investigator fees "pursuant to C.C.P. § 1038." On October 16, 1981, plaintiffs filed a motion to strike costs.[2] They appeal from the order denying that motion.[3]

Plaintiffs argue, as they did in the trial court, that the city is not entitled to costs under section 1038, because its motion for summary judgment was not granted, but was placed off calendar after voluntary dismissal as to the city was entered. The city replies that plaintiffs waived any irregularity in the costs claimed by having failed timely to file their motion to tax costs. The city did not raise the point in the trial court and plaintiffs insist that it cannot be raised for the first time on appeal. We do not agree. Although a party may not for the first

---

[1]Code of Civil Procedure section 1038 provides that where a defendant in a proceeding under the Tort Claims Act moves for summary judgment, and the motion is granted, the court shall award defense costs (including reasonable attorney fees) if it finds that the proceeding was not brought in good faith and with reasonable cause.

[2]Such a motion in purpose and effect amounts to the same thing as a motion to tax costs, and is so treated. (*Markart v. Zeimer* (1925) 74 Cal.App. 152, 156 [239 P. 856].)

[3]An order denying a motion to tax costs is appealable when it is made after final judgment. (*Lacey v. Bertone* (1949) 33 Cal.2d 649, 654 [203 P.2d 755].) A dismissal of an action with prejudice operates as a final judgment in favor of the party dismissed, and entitles him to recover his costs. (Code Civ. Proc., § 1032, subd. (b); *McMahan's v. McMahan Serv. Corp.* (1956) 145 Cal.App.2d 607, 611 [302 P.2d 847]; *Fisher v. Eckert* (1949) 94 Cal.App.2d 890, 894 [212 P.2d 64].)

Thus, the order denying plaintiffs' motion to tax costs is appealable because it was made following the clerk's entry of dismissal with prejudice as to the city, which dismissal carried with it the right to recover costs.

time on appeal present a new theory that contemplates a factual situation the consequences of which are open to controversy and were not put in issue or presented in the trial court, the rule does not apply when the facts are undisputed and the party merely raises a new question of law. (*Frink* v. *Prod* (1982) 31 Cal.3d 166, 170 [181 Cal.Rptr. 893, 643 P.2d 476]; *Ward* v. *Taggart* (1959) 51 Cal.2d 736, 742 [336 P.2d 534]; *Powell* v. *Premier Insurance Co.* (1981) 118 Cal.App.3d 336, 345 [173 Cal.Rptr. 383].) Inasmuch as there is no dispute as to the underlying facts the city may argue, as a question of law, the consequences of plaintiffs' failure timely to object to costs.

 Code of Civil Procedure section 1033 provides in pertinent part: "... A party dissatisfied with the costs claimed may, *within 10 days after the service of a copy of the bill of costs*, file a motion to have the same taxed by the court ...." (Italics added.) The city's memorandum of costs was served on plaintiffs' attorney September 29, 1981. Seventeen days later, on October 16, 1981, plaintiffs filed their motion to tax costs. By not filing said motion within the period specified in section 1033, plaintiffs waived the right to object to the costs claimed by the city. (*Oak Grove School Dist.* v. *City Title Ins. Co.* (1963) 217 Cal. App.2d 678, 698 [32 Cal.Rptr. 288]; *Eistrat* v. *Humiston* (1958) 160 Cal.App.2d 89, 92 [324 P.2d 957]; *S.F. etc. Sch. Dist.* v. *Bd. of Nat. Missions* (1954) 129 Cal.App.2d 236, 242-243 [276 P.2d 829]; 15 Cal. Jur.3d, Costs, § 83, pp. 696-697.) As expressed in *Mojave etc. R.R. Co.* v. *Cuddeback* (1915) 28 Cal.App. 439 [152 P. 943]: "[I]f a party to an action against whom cost is awarded neglects within the time specified in section 1033 to apply to the court to have the same taxed, he is deemed to have assented to the correctness and lawfulness of the items as claimed in the verified memorandum of costs as filed ...." (Pp. 441-442.)

The order is affirmed.

Dalsimer, J., and Soven, J.;* concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 17, 1982. Newman, J., did not participate therein.

---

*Assigned by the Chairperson of the Judicial Council.