Filed 10/19/21  PhxCap II v. AG Mobile Restaurant Concepts CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| PHXCAP II, LLC,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AG MOBILE RESTAURANT CONCEPTS, LLC.<br><br>    Defendant and Appellant. | D078074<br><br><br>(Super. Ct. No. 37-2017-00027948-CU-UD-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Reversed.

Burkhardt & Larson and Philip Burkhardt for Defendant and Appellant.

Law Offices of Howard F. Burns and Howard F. Burns for Plaintiff and Respondent.


In this commercial unlawful detainer case, defendant AG Mobile Restaurant Concepts, LLC (Tenant), appeals from a judgment that deems the "issue of possession" of the leased premises moot and awards plaintiff PhxCap II, LLC (Landlord), attorney fees and costs.  The only issue Tenant

raises on appeal is the propriety of the attorney fees award—both Landlord's entitlement to fees and the amount of the fees awarded.

This is the second time this case is before us. In an August 2019 opinion, this court interpreted an ambiguous provision in the lease, reversed a judgment following a jury trial and a postjudgment order in favor of Tenant, and remanded for the trial court to resolve the remaining issues based on the interpretation of the ambiguous provision. (*PhxCap II, LLC v. AG Mobile Restaurant Concepts, LLC* (Aug. 28, 2019, D073914) [nonpub. opn.] (*Appeal 1*).)[1] During the pendency of *Appeal 1*, Tenant surrendered possession of the premises. Upon issuance of the remittitur in *Appeal 1*, Landlord filed a motion for the attorney fees it had incurred in the trial and appellate courts. Landlord based its motion on the argument that, because Tenant abandoned the premises, Landlord was the prevailing party "on the contract" (i.e., on the lease). However, no judgment had been entered. Moreover, in support of its motion, Landlord presented no evidence regarding possession of the premises and expressly argued that there remained unresolved the issue of its "entitle[ment] to damages based on [Tenant's] failure to pay rent." Nonetheless, in opposition to Landlord's motion, Tenant's representative testified that Tenant had paid rent until surrendering possession of the premises. Based on this testimony, the trial court determined that the only remaining issues to be resolved were attorney fees and costs; and the court awarded Landlord more than $220,000 in attorney fees. More than a month later, the court filed its judgment.

---

[1] On our own motion, we take judicial notice of *Appeal 1*, *supra*, D073914 (Evid. Code, §§ 459, subd. (a), 452, subd. (a)) and adopt without citation to *Appeal 1* much of the factual and procedural presentation contained in this opinion, *post*.

2

The trial court erred. There was no final judgment either at the time Landlord filed its motion or at the time the court awarded attorney fees as costs. Thus, Landlord did not present, and Tenant was prejudiced by not being able to oppose, evidence or argument regarding entry of a final judgment or, for purposes of the award of attorney fees as costs, the determination of a prevailing party based on such a judgment. Accordingly, we will vacate the order granting Landlord's attorney fees motion and reverse the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

The dispute in the case involves a commercial lease (Lease) of retail space in a strip mall on Garnet Avenue in San Diego (Premises). In July 2017, Landlord filed the underlying unlawful detainer action, naming Tenant and Alex Gould as defendants.[3] In the prayer of the complaint for unlawful detainer (Judicial Council form UD-100), Landlord requested: (1) possession

---

[2]    Tenant requests that we take judicial notice of the following document: "Declaration of Howard F. Burns, Esq. in Opposition to Defendants' Motion for Attorney Fees," containing a case caption of—with no indication the document was filed in—San Diego County Superior Court case No. 37-2018-00043877-CL-UD-CTL, entitled *PhxCap II, LLC v. AG Mobile Restaurant Concepts, LLC*. Landlord requests that we take judicial notice of the following document: "Cross Complaint for Damages for Breach of Lease; Action for Rent; Fraud; Negligent Misrepresentation" filed by Landlord and its principal in San Diego County Superior Court case No. 37-2017-00027862-CU-BC-NC, entitled *AG Mobile Restaurant Concepts, LLC v. PhxCap II, LLC*.

Following the general rule that "[r]eviewing courts generally do not take judicial notice of evidence not presented to the trial court," we " 'will consider only matters which were part of the record at the time the judgment was entered.' " (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) Thus, both motions for judicial notice are denied.

[3]    Gould was the guarantor of the Lease. Gould is not a party to the judgment or to this appeal from the judgment by Tenant.

of the Premises; (2) past-due rent of $8,475.50; (3) daily damages of $256.83 based on the fair rental value of the Premises from July 1, 2017, for each day that Tenant remained in possession through entry of judgment; (4) forfeiture of the Lease; (5) reasonable attorney fees; and (6) costs incurred in this proceeding.

In December 2017, the case went to trial before a jury. Based on the jury's answer to the first question on a 10-question special verdict form, the trial court entered judgment in favor of Tenant and a postjudgment order awarding Tenant attorney fees (as the prevailing party in an action on a contract (i.e., the Lease)).[4] Landlord appealed, initiating *Appeal 1*, where the principal issue was whether, based on language in the Lease, Landlord had delivered possession of the Premises for purposes of the commencement of Tenant's rent obligation. In *Appeal 1*, we held: "[T]he only *reasonable and commonsense* interpretation of the ambiguous language [in the Lease] is that . . . no later than January 24, 2017 . . . Landlord had delivered possession of the Premises to Tenant for purposes of Tenant's obligation to pay rent." We then directed: "On remand, the trial court is to resolve all remaining issues given" the foregoing interpretation of the ambiguous language.[5] *Appeal 1* concluded by awarding Landlord "costs on appeal," citing California Rules of Court, rule 8.278(a)(2). The remittitur issued on November 6, 2019.

---

4    The jury answered "No" to the question: "Did [Landlord] deliver possession of the Premises to [Tenant]?"

5    Contrary to both parties' appellate briefing, *Appeal 1* did not state, direct, or identify any specific issue(s) for the trial court to resolve on remand. Expressly noting that we were "[w]ithout know[ledge of] exactly what issues will arise" on remand, our direction was for the court "to resolve all remaining issues."

In mid-December 2019, Landlord filed a motion for an award of reasonable attorney fees and expenses under Civil Code section 1717.[6] The basis of the motion was that Landlord "is the prevailing party to an action based upon a written contract[—i.e., the Lease—]containing a provision of [*sic*] the award of fees and expenses."[7] More specifically, Landlord argued that it "is the prevailing party in this case because . . . [Tenant] abandoned the [P]remises after [*Appeal 1*] was filed. Therefore, [Landlord] substantially obtained the relief it sought—possession." Landlord requested a total of $292,902.53 for all fees and expenses it incurred related to the unlawful detainer action, including *Appeal 1*. The evidence Landlord submitted in support of its motion was limited to a declaration from Landlord's principal, who testified as to the fees and expenses it paid and provided copies of invoices from the various attorneys who assisted Landlord. Landlord

---

[6]     Civil Code section 1717 provides: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs. . . ."

[7]     Landlord relied on paragraph 31 of the Lease, which provides in part: "If any Party . . . brings an action or proceeding involving the Premises whether founded in tort, contract or equity, or to declare rights hereunder, the Prevailing Party (as herein defined) in any such proceeding, action, or appeal thereon, shall be entitled to reasonable attorneys' fees. . . . The term, 'Prevailing Party' shall include, without limitation, a Party . . . who substantially obtains or defeats the relief sought, as the case may be, whether by compromise, settlement, judgment, or the abandonment by the other Party . . . of its claim or defense. The attorneys' fees awarded shall not be computed in accordance with any court fee schedule, but shall be such as to fully reimburse all attorneys' fees reasonably incurred. . . ."

5

presented no evidence that Tenant had surrendered the Premises or paid any rent.

Tenant opposed Landlord's motion on a number of grounds.[8] The first sentence of the opposition reads: "The motion for attorney fees is premised on the erroneous notion that a final judgment has been entered in this case." Tenant's argument continued by emphasizing that, without a resolution of the remaining issues in the remanded proceedings (as directed in *Appeal 1*), there can be no determination of the prevailing party in this action. In response to Landlord's suggestion that Landlord prevailed because it "obtained the relief it sought—possession," Tenant submitted the declaration of its principal, who explained: During the pendency of *Appeal 1*, Tenant "continued to tender rent . . . , notwithstanding ongoing legal difficulties with the [L]andlord"; despite Tenant's tender of rent, in July 2018, Landlord served Tenant with a 30-day notice terminating the tenancy; a month later, Landlord filed and served a second unlawful detainer action; and, "accepting the Landlord's claim that [Tenant's] possessory rights were terminable at the election of the Landlord," Tenant "surrendered possession of the leased [P]remises" in late September 2018 in order to "eliminate[ ] a potential long-term liability."

Tenant explained that it presented this evidence only because Landlord did not inform the court "of the *circumstances* under which the tenancy was terminated." According to Tenant, contrary to Landlord's unsubstantiated argument regarding Tenant's abandonment of the Premises, "[Tenant] never

---

8    We explain in detail only the arguments on which the disposition of this appeal will be based. For example, although Tenant objected to the amount of fees Landlord requested, we do not discuss Tenant's presentation on this issue.

surrendered possession as a result of [Landlord's] claims *in this case*"; to the contrary, in this case, Tenant "fought vigorously to retain possession in the context of" Landlord's claim that Tenant breached the Lease. Instead, Tenant's presentation continued, Tenant surrendered the Premises as a result of Landlord's notice of termination of the tenancy in the second unlawful detainer action. In closing, Tenant stated that, regardless of the issue of possession, "[t]his case is not over." Before a prevailing party can be determined, Tenant concluded, the court must consider and resolve the remaining issues in this case—which, based on the special verdict from the jury trial that preceded *Appeal 1*, included a number of unresolved issues.[9]

In reply, Landlord reduced its request to only those fees it incurred in *Appeal 1*—i.e., $127,000. Landlord argued an entitlement to the fees in *Appeal 1*, because: *Appeal 1* determined Landlord "was the prevailing party on the appeal and . . . entitled to its costs"; and " '[c]osts' on appeal can include attorney fees."

Following briefing, the trial court issued a tentative ruling. Based on Tenant having abandoned the Premises, the court deemed moot "the 'remaining issues' of possession, back rent, etc." From "both a practical and legal perspective," the tentative ruling continued, all that remained for resolution was an award of attorney fees and costs: "[W]ith the exception of the fees and costs, the case is in fact 'over.' " In response to Tenant's argument that an award of fees was premature without a final judgment, the

---

9       The special verdict form contained nine additional questions after the initial question regarding whether Landlord had delivered possession of the Premises. Among other issues, the special verdict form asked the jury to determine the amount of "unpaid rent" Tenant owed and "damages" to which Landlord was entitled.

7

tentative ruling: (1) mentioned "an interim judgment in [Landlord's] favor";[10] and (2) proposed a finding that, based on the results in *Appeal 1* and Tenant's abandonment of the Premises, Landlord "achieved its main litigation goals" of (a) establishing that it had delivered possession of the Premises in January 2017, and (b) obtaining possession of the Premises. In the tentative ruling, the court then conducted a thorough review of the evidence in support of the amount of the fees and expenses Landlord requested ($292,902.53) and stated: "Prior to receipt of the reply brief, the court was prepared to make an award as against [Tenant] only in the amount of $221,849.00 . . . . To the court's surprise, however, [Landlord] explicitly revised its request substantially downward, to $127,000.00. . . . The court takes [Landlord] at its word, and awards $127,000.00."

At the hearing on Landlord's motion, Landlord's attorney advised that the court's tentative ruling contained "a far more sensible and practical resolution" of the motion *and the case* than Landlord had considered or argued. Counsel accordingly withdrew the reduction in the amount of fees requested in Landlord's reply brief. Counsel then offered to dismiss this case if the court would award what it intended to award prior to Landlord's reply brief ($221,849).

---

10    The record on appeal does not contain an "interim judgment." The court's tentative opinion cites "ROA 193" as a reference for the interim judgment. Entry 193 of the register of actions is dated November 6, 2019 (the same date as the remittitur in *Appeal 1*) and provides in full: "Judgment entered for PHXCap II LLC; PHXCap II LLC and against AG Mobil Restaurant Concepts LLC; Gould, Alex; AG Mobil Restaurant Concepts LLC; Gould, Alex for a grand total of 0.00." (*Sic.*) Tenant tells us, "There is no such 'Judgment' "; and Landlord tells us, "This notation on the R[egister ]O[f ]A[ctions] is irrelevant."

8

Tenant's attorney reminded the court that, in *Appeal 1*, the appellate court directed the trial court to resolve all remaining issues—which included, at a minimum, both past due rent and accrued rent after service of the three-day notice to quit. Counsel also pointed out that, although Landlord was awarded its costs on appeal in *Appeal 1*, such an award does not determine the prevailing party *in the action* for purposes of awarding attorney fees as costs: "[E]ven if you prevail on appeal, you can't file a motion for attorney's fees until the entire case is done. The entire case is not yet done." (Citing Cal. Rules of Court, rule 8.891(d)(2).[11])

In rebuttal, Landlord's counsel emphasized that, by obtaining possession of the Premises, Landlord had achieved its litigation goal and suggested a "simultaneous" dismissal of the remaining claims along with an award of attorney fees and costs.

After taking the matter under submission, the court issued a minute order, which essentially tracked the court's tentative ruling, and awarded Landlord $221,849 in attorney fees.

Approximately a month later, the court filed a judgment. The judgment first recited some of the procedural background and then found, concluded, and ordered as follows: (1) The issue of possession is moot due to Tenant's and Gould's surrender of the Premises in September 2018; and (2) as the prevailing party in this case, Landlord is entitled to recover from

---

11    California Rules of Court, rule 8.891(d)(2) provides in part that "an award of costs [on appeal] neither includes attorney's fees on appeal nor precludes a party from seeking them under rule 3.1702." As we explain at part II.A., *post*, rule 3.1702(b)(1) does not allow a motion for attorney fees provided for in a contract until after entry of an appealable judgment.

Tenant (a) attorney fees in the amount of $221,849, and (b) costs in the amount of $8,317.57.

Tenant timely appealed from the judgment.

## II. DISCUSSION

Neither Landlord's motion for attorney fees under paragraph 31 of the Lease nor the trial court's award of attorney fees as costs was based on a final judgment. As we explain, by awarding fees prior to entry of a final judgment, the court erred. As we further explain, Tenant was prejudiced by this error, since Tenant had no notice that the court would be determining the prevailing party in the action and, thus, no opportunity to present evidence or argument *based on a final judgment*. Accordingly, we will vacate the order granting Landlord's motion for attorney fees and expenses and reverse the judgment.[12]

A. *Law*

"Under the American rule, each party to a lawsuit ordinarily pays its own attorney fees." (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751.) Nonetheless, Code of Civil Procedure section 1021 "permits parties to ' "contract out" of the American rule' by executing an agreement that allocates attorney fees." (*Mountain Air*, at p. 751.) In the present action, Landlord requested an award of attorney fees authorized by a contract between the parties to this lawsuit—i.e., paragraph 31 of the Lease. (See fn. 7, *ante*.)

---

[12] Because our decision is based on a lack of entitlement to attorney fees on the record presented, we do not reach—and thus express no opinion on—the reasonableness of the fees and expenses awarded. Likewise, we express no opinion on the outcome of any proceedings in the trial court following reversal of the judgment.

10

In an action to enforce a contract authorizing an award of fees to one party, "the party prevailing on the contract" is entitled to reasonable attorney fees as "an element of the costs of suit." (Civ. Code, § 1717, subd. (a); see fn. 6, *ante*.) Consistently, Code of Civil Procedure section 1032 includes such fee awards as court costs. (Code Civ. Proc., § 1033.5, subds. (a)(10)(A), (c)(5)(B).[13]) A final judgment is required before a party is deemed a prevailing party and entitled to costs under section 1032. (See *Jimenez v. City of Oxnard* (1982) 134 Cal.App.3d 856, 858, fn. 3 (*Jimenez*), citing *Fisher v. Eckert* (1949) 94 Cal.App.2d 890, 894 [dismissal with prejudice is a final judgment for purposes of § 1032 costs].) Likewise, in a civil case where a party claims an entitlement to attorney fees provided for in a contract— "including attorney's fees on an appeal"—the motion for fees may only be made "within the time for filing a notice of appeal" (Cal. Rules of Court, rule 3.1702(b)(1)); and the determination of the time for filing a notice of appeal requires, at a minimum, the *filing of an appealable judgment* (see Cal. Rules of Court, rules 8.104, 8.108).

For purposes of Civil Code section 1717, "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract."[14] (Civ. Code, § 1717, subd. (b)(1).) The trial court determines the

---

[13] For purposes of allowable costs under Code of Civil Procedure section 1032, section 1033.5 identifies the following items: "Attorney's fees, when authorized by . . . [¶] . . . Contract"; and "Attorney's fees awarded pursuant to Section 1717 of the Civil Code." (Code Civ. Proc., § 1033.5, subds. (a)(10)(A), (c)(5)(B).)

[14] We acknowledge that, just because a party is determined to be a prevailing party under Code of Civil Procedure section 1032, that party is "not necessarily" the prevailing party for purposes of a Civil Code section 1717 award of attorney fees under a contract. (*Zintel Holdings, LLC*

prevailing party and awards fees as costs under section 1717 "only upon *final resolution of the contract claims . . . .*" (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876 (*Hsu*), italics added; accord, *Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918, 928 (*Butler-Rupp*) [§ 1717 prevailing party can only be determined "by the final result of the litigation"]; *Jackson v. Homeowners Assn. Monte Vista Estates-East* (2001) 93 Cal.App.4th 773, 780 [no prevailing party under § 1717 until final disposition of the lawsuit].) Stated differently, for purposes of Civil Code section 1717, "[o]nly when a final judgment has been entered in [an action] . . . will there be a prevailing party." (*580 Folsom Associates v. Prometheus Development Co.* (1990) 223 Cal.App.3d 1, 30.)

Where, as here, there is an "appellate decision [that] does not decide who wins the lawsuit but instead contemplates further proceedings in the trial court" (e.g., *Appeal 1*), our court ruled more than 25 years ago that the prevailing party on appeal "is not entitled under a [Civil Code] section 1717 fee provision to the fees he incurs on appeal." (*Presley of Southern California v. Whelan* (1983) 146 Cal.App.3d 959, 961 (*Presley*).[15]) "Instead, the

_____

*v. McLean* (2012) 209 Cal.App.4th 431, 438, fn. 1; see *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1335, fn. 3 [noting differences in definition of "prevailing party" in the two statutes].) However, "generally no award of attorney fees as 'an element of the costs of suit' under Code of Civil Procedure section 1033.5, subdivision (a)(10), and [Civil Code] section 1717 can be made to a litigant who has not also been determined to be the prevailing party under [Code of Civil Procedure] section 1032." (*Zintel Holdings*, at p. 438, fn. 1; see *Goodman*, at pp. 1335, fn. 3, 1338-1339.)

[15]   In *Presley,* the plaintiff sued for breach of a contract containing an attorney fees clause. (*Presley*, *supra*, 146 Cal.App.3d at p. 960.) The defendant obtained summary judgment, and on appeal we reversed. (*Ibid.*) On remand, the plaintiff requested, and the trial court awarded, attorney fees expended in obtaining a reversal of the judgment on appeal. (*Ibid.*) Reversing the award of attorney fees, we stated: "[T]here is no prevailing

prevailing party must be determined by who prevails overall in the lawsuit."
(*Wood v. Santa Monica Escrow Co.* (2009) 176 Cal.App.4th 802, 806; accord,
*Moore v. Liu* (1999) 69 Cal.App.4th 745, 755 ["the right to [section 1717]
attorney's fees for the successful appeal is deferred until the final resolution
of the merits of the case"].)  In short, "where further proceedings *in the same
litigation* [a]re contemplated" in the disposition of an appeal, there is no
"final disposition of the litigation" for purposes of an award of section 1717
fees.  (*Turner v. Schultz* (2009) 175 Cal.App.4th 974, 984.)[16]

We review de novo the trial court's determination of the legal basis for
an award of attorney fees.  (*Stratton v. Beck* (2018) 30 Cal.App.5th 901, 909;
*Butler-Rupp*, *supra*, 154 Cal.App.4th at p. 923.)

---

party.  The winner in the action between [the plaintiff] and [the defendant] is
yet to be determined.  The reversal of the summary judgment is merely an
interim stage of the litigation, much the same as a denial of a summary
judgment motion or an overruling of a demurrer in the trial court." (*Id.* at
p. 961.)

16   By contrast, appellate costs, unlike attorney fees, *are* recoverable before
final disposition of the litigation.  (Cal. Rules of Court, rule 8.278(c); see
*Butler-Rupp*, *supra*, 154 Cal.App.4th at p. 927 ["a decision about the
entitlement to costs on appeal is entirely separate from a decision about the
entitlement to attorney fees on appeal"]; *Presley*, *supra*, 146 Cal.App.3d at
p. 962 [under former rule 26].)  California Rules of Court, rule 8.278*(d)(1)*,
which identifies all recoverable costs on appeal, does not mention attorney
fees; and rule 8.278*(d)(2)* expressly provides that, absent an order to the
contrary, an award of costs on appeal neither includes appellate attorney fees
nor precludes a party from later seeking them.  In short, an award of
appellate costs does not directly affect a subsequent recovery of attorney fees.
(See *Butler-Rupp*, at pp. 927-928 [on final resolution of the case, an order
that the parties bear their own appellate costs will not be interpreted as an
order that they bear their own appellate attorney fees].)

B.    *Analysis*

In *Appeal 1*, after reversing the judgment, we remanded the matter with directions that the trial court "resolve all remaining issues" based on our interpretation of certain ambiguous language in the Lease.  The court promptly scheduled a case management conference.  Prior to the conference, in mid-December 2019, Landlord filed its motion for Civil Code section 1717 attorney fees.  At this time, there was neither a judgment nor an entitlement to prejudgment costs, which are based on the determination of a prevailing party.  (See Code Civ. Proc., §§ 1032, 1034.)  Thus, on at least three independent bases, Landlord's motion was premature because *no judgment had been entered*.

First, pursuant to Civil Code section 1717, subdivision (a), and Code of Civil Procedure section 1033.5, subdivisions (a)(10)(A) and (c)(5)(B), the requested contract-based attorney fees were necessarily "costs of suit." However, a prevailing party is not entitled to such costs until after entry of a judgment.  (See *Jimenez*, *supra*, 134 Cal.App.3d at p. 858, fn. 3.)

Second, California Rules of Court, rule 3.1702(b)(1) requires that a motion for attorney fees based on a contractual provision be filed and served "within the time for filing a notice of appeal."  However, an appeal may only be taken from a judgment (or appealable order).  (See Cal. Rules of Court, rules 8.104, 8.108.)

Finally, consistent with the foregoing, Landlord's motion lacked substantial evidence to support an entitlement to the award of attorney fees. Civil Code section 1717, subdivision (b)(1) requires a determination of "the party prevailing on the contract."  As our Supreme Court explained, for purposes of this requirement, the prevailing party can be determined "only

14

upon final resolution of the contract claims."[17] (*Hsu, supra*, 9 Cal.4th at p. 876.) Here, however, at the time Landlord filed its motion, a case management conference had been scheduled in response to *Appeal 1*'s order that the court resolve the remaining issues. Based on the prayer in the complaint, the special verdict form in the earlier jury trial, and Landlord's statement (in support of its motion) that it still "is entitled to damages based on . . . failure to pay rent," unresolved issues under the contract remained. Nonetheless, Landlord argued that it was the prevailing party because, by Tenant's abandonment of the Premises, Landlord "substantially obtained the relief it sought—possession." However, Landlord presented no evidence of either Tenant's abandonment of the Premises, or Landlord's possession of the Premises, or resolution of Landlord's remaining contract claims.

Given this record, in its motion, Landlord did not present a prima facie case for entitlement to an award of attorney fees under Civil Code section 1717. For this reason, the trial court erred in proceeding with the motion.

In its opposition to the motion, Tenant's representative testified that Tenant had surrendered the Premises and had "tender[ed] rent on a monthly basis." In submitting this evidence, Tenant attempted to establish "the *circumstances* under which the tenancy was terminated." According to Tenant, Tenant had surrendered the Premises in response to Landlord's second unlawful detainer action (and, specifically, to Landlord's 30-day notice

---

[17] Indeed, in support of its motion in the trial court, Landlord tacitly acknowledged the necessity of a final judgment. Quoting from *Hsu, supra,* 9 Cal.4th at page 877, Landlord emphasized the Supreme Court's statement that " ' ["]***the form of the judgment is not necessarily controlling***["] ' " in determining litigation success. (Bolding and italics added by Landlord.)

15

to *terminate* the tenancy), and this reason for the surrender and payment of rent was evidence that would affect the remaining issues to be resolved in the present action. Based on this evidence, however, the court determined that, "practically speaking, the only thing left for resolution" was the award of attorney fees and costs. However, this determination is contrary to the claims in the complaint and to Landlord's continued assertion of an ongoing claim for damages in its motion.

Indeed, at the hearing on the motion, Landlord's counsel acknowledged the procedural hurdle proposed by the court. First, he conceded that Landlord still had pending claims for "money damages" that it could dismiss, in the event the court would order the $221,849 in attorney fees as proposed in the tentative ruling. Alternatively, counsel proposed that the court make "an interim order setting the amount of fees [in *Appeal 1*]," and he would consolidate the issues that remained in this action with another action between the parties pending in the North County division of the superior court.[18]

In ruling that, "with the exception of the fees and costs, the case is in fact 'over,' " the trial court further erred. Despite counsel's offer to dismiss the remainder of Landlord's claims, the record contains no dismissal; and the judgment mentions nothing about any claim other than possession (which the court deemed "moot due to [Tenant's and Gould's] surrender of the [P]remises"). In any event, neither Civil Code section 1717, California Rules of Court, rule 3.1702, nor caselaw (either cited by the parties or reviewed as

---

[18] No legal authority exists for such "an interim order" following an appeal and prior to entry of a final judgment in the trial court. (*Presley, supra*, 146 Cal.App.3d at p. 961.)

part of our independent research) allows for the trial court to determine the prevailing party before the filing of a final judgment.

We understand and appreciate the trial court's intent to expedite the proceedings. However, we cannot let the order or judgment remain on this record. By the foregoing errors—i.e., no prima facie showing by Landlord, and no final judgment prior to determining Landlord to be the prevailing party—Tenant was prejudiced.[19] Based on the argument and lack of evidence in support of Landlord's motion, Tenant had no notice or reason to supply a complete presentation of the circumstances surrounding the abandonment of the Premises or the payment of rent.[20] Similarly, prior to the court's tentative ruling, Tenant had no notice or reason to believe either that a judgment would not be required or that the court would proceed on the basis that, with the exception of awarding fees and costs, the case was " 'over.' "

---

[19]    Not all error is reversible error. To obtain a reversal, in addition to error, the appellant must also establish prejudice (Code Civ. Proc., § 475) that resulted in a " 'miscarriage of justice' " (Cal. Const., art. VI, § 13) as a result of the error. (*Pool v. City of Oakland* (1986) 42 Cal.3d 1051, 1069.) A " 'miscarriage of justice' " may be found on appeal " ' "only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." ' " (*Ibid.*; accord, Code Civ. Proc., § 475.) In this context, "reasonably probable" means "more than an abstract possibility." (*College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 715, italics omitted.)

[20]    Based on our review of Tenant's request for judicial notice which we denied at footnote 2, *ante*, we understand Tenant has additional evidence and argument to offer in response to a prima facie showing by Landlord of an entitlement to Civil Code section 1717 fees.

17

"The constitutional guarantee of due process requires a trial court give [the parties] notice and an opportunity to respond before dismissing an action on its own motion." (*Brue v. Shabaab* (2020) 54 Cal.App.5th 578, 587.) In *Moore v. California Minerals Products Corp.* (1953) 115 Cal.App.2d 834, for example, the appellate court reversed the trial court's sua sponte grant of judgment on the pleadings in favor of the plaintiff in a specified sum, when the plaintiff had not moved for such relief: "Not only was it error to order judgment on the pleadings but the manner in which it was done deprived defendant of due process, namely, a right to be heard." (*Id*. at p. 836.) Likewise, here, Tenant was denied due process by the court's sua sponte entry of judgment in response to a motion for attorney fees by Landlord. "To be fair to the parties," the court should have first "inform[ed] the parties of [its] concern, solicit[ed] briefing, and h[e]ld a hearing" on the court's intended disposition of the motion. (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1108 [dictum; Supreme Court's suggestion to trial courts that may be inclined sua sponte to reconsider a prior denial of, and on reconsideration grant, a motion for summary judgment].) At a minimum, "due process may be satisfied when the party has been able to present a written argument that fully addresses the determinative issues" raised sua sponte by the court. (*Brue*, at p. 587.)

Landlord's arguments to the contrary do not convince us otherwise.

Landlord first contends that the trial court resolved all issues as directed in *Appeal 1*, because there was no requirement that Landlord litigate its economic claims in this action. More specifically, Landlord argues that, on remand, it was not obligated to resolve its claim for rent or other damages in this action. While that is an accurate statement, Landlord did not dismiss or otherwise resolve its claim(s) for damages. Instead, the trial

18

court deemed the issue of possession moot and disregarded any such claim(s) for damages in the judgment. Had Tenant been given notice of such action and an opportunity to be heard on the issue, and had the court entered a judgment (based on a resolution of the remaining claim(s)) prior to Landlord's motion for Civil Code section 1717 attorney fees, then the motion would have been properly filed; and Tenant would not have been prejudiced. But that is not what happened. As we concluded *ante*, with no judgment, Landlord's motion was premature, and Tenant was prejudiced by the court's consideration of, and ruling on, the motion.

Landlord next contends that the trial court did not abuse its discretion in finding Landlord the prevailing party for purposes of an award of contract-based attorney fees under Civil Code section 1717. As we explained *ante*, however, only after a "final resolution of the contract claims" can the court determine the prevailing party for purposes of section 1717. (*Hsu*, *supra*, 9 Cal.4th at p. 876.) Here, once again because there was no final resolution of the contract claims at the time of the briefing or ruling on Landlord's motion, Tenant was prejudiced by the court's consideration of, and ruling on, the motion.

## III.  DISPOSITION

The July 10, 2020 order granting Landlord's motion for an award of reasonable attorney fees and expenses is vacated, and the August 18, 2020 judgment is reversed.  Tenant is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)


IRION, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DATO, J.